50  485
34a  59

## MAGDALENA MEYER

*v.*

## JOSEPH PFEIFFER *et ux.*

1. ERROR—*who may complain thereof.* A party cannot complain of an error, which in nowise injures or impairs his rights.

2. So, where the yearly value of a widow's dower in several tracts of land, was charged upon all the lands, instead of charging each separate tract with the amount arising therefrom, the error, if it be one, is not such as the widow can complain of, inasmuch as it gave her a higher and better security.

3. DESCRIPTION OF PREMISES—*in a decree.* A decree establishing a right of dower in certain lands, described one of the tracts, as a part of the N. W. qr. of N. E. qr. of Section 12, without quantity or further description: *Held,* the description was insufficient, as the part intended to be affected by the decree, could not be ascertained, or separated from the balance of the quarter.

4. PLEADING IN CHANCERY—*allegation of the existence of a homestead right.* Where a party seeks to assert a homestead right in premises, it is not enough to declare simply that the right exists; the pleading should set out the facts, which, if proven, would establish the right.

5. DECREE—*for dower—requisites thereof.* Where the yearly value of the widow's dower is ascertained, and allowed in lieu of dower, the decree should fix the day in each year for the payment thereof, and it is error to omit to do so.

6. SAME—*should not be conflicting.* A decree fixing the annual value of a widow's dower provided that the allowance should be a lien upon the premises, and also provided for a sale of the land in the event of non-payment of any of the installments; the decree then directed the master, in case of sale, to convey to the purchaser, all the right, title, interest and estate of the parties to the suit, in the lands: *Held,* that the decree was erroneous because the character of estate to be conveyed by the master was inconsistent with the lien previously declared in favor of the widow, for the yearly allowances as they might successively fall due.

APPEAL from the Circuit Court of St. Clair county ; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WM. H. UNDERWOOD, for the appellant.

Messrs. KASE & WILDERMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, commenced by appellees, in the St. Clair Circuit Court, against appellant, for the purpose of having appellant's dower assigned to her in the lands owned by Joseph Meyer at the time of his death. The bill alleges that appellant is the widow, and Magdalena Pfeiffer is his only heir at law, who had intermarried with Joseph Pfeiffer. The bill waives the answer under oath, and prays that dower may be assigned by metes and bounds if practicable, but if not, that it may be assessed, and if deemed advisable, that the lands be sold subject to the widow's dower.

Appellant answered, admitting the truth of the allegations of the bill, and claimed that she was entitled to a homestead in the premises. Appellees excepted to the answer and the exceptions were sustained. The court thereupon found the

allegations of the bill to be true, and appointed commissioners to assign dower. They reported that it could not be assigned without manifest prejudice to the property. Subsequently a jury were empaneled to assess the yearly value of the widow's dower, and they found it to amount to $133.35 and the court rendered a decree making it a lien on the premises, and on default in its payment ordered that the premises be sold and that execution issue therefor. The court also decreed that the premises be sold subject to the payment of the yearly dower of the widow.

It is first urged, that the court erred in rendering a decree for the gross amount of the yearly value of the widow's dower and charging the several tracts of land with its payment, instead of ascertaining the yearly value of her dower in each separate tract, and only charging each with the sum arising from them severally. If this was an error, as it probably was, it is not such as appellant can urge. It in nowise injures or impairs her rights. On the contrary, it renders all of the lands subject to the portion arising from each piece severally. The decree therefore affords her a higher and better security than if the amount arising from the several tracts had been charged upon each tract out of which it arose. This is not an error of which she has any right to complain.

The description of one of the tracts as a part of the N. W. qr. of N. E. qr. of section 12, without quantity or further description is insufficient. From such a description it could never be ascertained, or separated from the balance of the quarter. It does not appear in what part of the forty acre tract it is situated, or the number of acres it embraces. Even if the decree would operate as a bar to a proceeding for the assignment of dower in this tract, by the widow, if it should become necessary for its sale, to carry the decree into effect, it could hardly be held that a purchaser would acquire title by such a description.

There was no error in sustaining the exception to that portion of the answer which alleged that appellant was entitled

to a homestead in the premises, it is simply the declaration that she has such a right. This is violative of the rules of pleading. The answer should have set out the facts which, if proven, would have entitled her to the privilege. It nowhere alleges that the premises, or any portion of them, were occupied by her deceased husband as a homestead, or that he was the head of a family, or any of the facts which the statute requires to confer the privilege. In this respect the answer was fatally defective.

It is insisted that the decree is erroneous in not fixing a day upon which the sum falling due each year should be paid. The 28th section of the dower act, declares that the court shall, when the sum is found by the jury, render a judgment that there be paid to the widow, as an allowance in lieu of dower, on a day therein named, the sum so assessed, as the yearly value of her dower, and the like sum on the same day in every year thereafter, during her natural life. Gross' Comp. 235. This decree in no manner fixes any time for the payment of the money, or any future installment. The attorney who drafted the decree, seems to have intended to insert such a requirement, but failed to do so, either in terms or by implication. The decree declares that the dower thus assessed shall be a lien on the premises, " and that in case of a failure in the payment of said dower, execution issue for the collection thereof as at common law, and that said dower be paid as follows." This is the only portion of the decree that requires its payment.

The statute is peremptory in its requirement that a day shall be named in the decree when the several payments shall be made; and it is but just and reasonable that a time should be designated, otherwise it could not be known when the money was due, and under such a decree, further litigation would almost certainly ensue. A decree should be so certain in its terms as to preclude differences and litigation. It is designed to establish and settle the rights of the parties. The decree in this respect is erroneous.

Again, the decree is vague and uncertain as to whether the sale provided for by the decree, is for the purpose of raising the dower or for the benefit of the heir. Although the order of sale seems not to depend on a failure to pay the money assessed in lieu of dower, still, when we know that there was but one heir, and it was competent so far as we can see, for her and her husband to sell the premises subject to the lien for dower, no reason is perceived why the land should be sold under a decree of court, unless for the purpose of paying the widow the sum decreed to be paid annually to her. But if it was designed to be sold for the benefit of the heir, it is not an error of which appellant can complain, provided it is subject to the lien of her dower. But the last clause of the decree seems to be opposed to such a right, as it requires the master to convey to the purchaser, all of the right, title, interest and estate of the parties to the suit, which they held in the lands. To say the least, this provision conflicts with the portion which requires the land to be sold subject to the lien of the widow's dower. With these conflicting clauses, it at least leaves it doubtful which provision shall be enforced. The master should only have been required to convey the interest held by appellees.

The decree of the court below is reversed and the cause remanded, with leave to complainants to amend their bill and appellant her answer.

*Decree reversed.*