MILLARD NEEDHAM

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 21, 1881.*

1. CREDIBILITY OF WITNESS—*who shall determine.* The jury in a criminal case are not obliged to discredit the testimony of detectives and believe that of the accused, although cautioned against the danger to be apprehended from the testimony given by the former. The witnesses all being before the jury it is their province to determine the questions of fact testified to by them.

2. NEW TRIAL—*criminal case—on the evidence.* Where all the evidence is fairly considered in a criminal case, if this court can not say the verdict of conviction has the appearance of being the result of ignorance, passion or prejudice, a new trial will not be granted.

3. INSTRUCTION—*in the language of the statute.* On the trial of one for robbery, an instruction was given, in the language of the statute, defining the

offence and prescribing the punishment. It further gave the jury, in the language of the statute, the more severe punishment if the defendant was armed with a dangerous weapon, with intent, if resisted, to kill or maim, or being so armed should wound or strike the person robbed, or if he had any confederate present so armed to aid or abet him. There was evidence that one of the parties robbing struck the person robbed with a pistol. The jury found the defendant guilty and fixed his punishment at 'the lowest time they could, without regard to the use of any dangerous weapon: *Held,* that there· was no error prejudicial to the defendant, in giving the instruction.

4. SAME—*when it works no prejudice.* When it is evident, from the finding of the jury in a criminal case, that the defendant was in nowise prejudiced by an instruction, it forms no ground for a reversal.

5. SAME—*good, if substantially correct.* It is not sufficient to reverse a conviction, that one of the people's instructions is not literally correct, when it is conceded to be substantially so.

6. SAME—*modification by the court.* On the trial of one for robbery, the court was asked on the part of the defendant to instruct the jury that, "concealment of the robbery does not amount to participation in it," which the court modified by adding, "but it is a circumstance to be weighed with all others, in determining the question of participation:" *Held,* that there was no error in the modification.

7. The prisoner in a criminal case has no right to have his side of the case presented to the jury in such a way, that by reason of the disconnected and one-sided view of the propositions of law, the jury may be in danger of being confused and misled as to the law. However perfect or legal a proposition in and of itself may be, an explanation or modification which does not tend to mislead the jury, or weaken their perception of its true bearing and effect, is not objectionable.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Messrs. TENNEY, FLOWER & CRATTY, for the plaintiff in error, contended at some length that the conviction was not warranted by the evidence, and that even if the defendant was present at the robbery, taking no part therein, he could not be convicted. Consent is not participation. *White* v. *People,* 81 Ill. 333.

The confession was made under inducements which rendered it incompetent as evidence. *People* v. *Johnson,* 41 Cal. 452; *People* v. *Barrie,* 49 id. 342; *Porter* v. *State,* 58

Ala. 95; *Ward* v. *State,* 50 id. 120; *Austin* v. *People,* 51 Ill. 236; *Gates* v. *People,* 14 id. 435; 1 Greenlf. Ev. sec. 219 *et seq.*

The instruction that concealment of the robbery does not amount to participation in it, should have been given. Counsel have the right to have a good instruction given as asked, without modification. *State* v. *Wilson,* 2 Scam. 225; *Joy* v. *Phifer,* 11 Ala. 525; *Clealand* v. *Walker,* id. 1058; *People* v. *Taylor,* 36 Cal. 255; *Cotton* v. *State,* 31 Miss. 504; *Exchange Bank* v. *Cooper,* 40 Mo. 169; *Galena, etc. R. R. Co.* v. *Jacobs,* 20 Ill. 488.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Michael Maher, Charles Slensky and Willard Needham were jointly indicted for the robbery of one Fred. Foster. Upon arraignment, Maher and Slensky pleaded guilty, but Needham pleaded not guilty, and a jury was thereupon empanneled, to whom the question of his guilt or innocence was submitted for trial. The jury returned a verdict of guilty, and fixed the punishment at one year's confinement in the penitentiary. Motion for new trial was made by Needham, but the court below overruled the same, and entered judgment upon the verdict; whereupon Needham sued out this writ of error. The first ground urged for the reversal of the judgment below is, that the verdict is not authorized by the evidence.

The robbery was committed in the early part of May, 1880, between ten and eleven o'clock at night, in one of the streets of the city of Chicago, as Foster, who was a bank clerk and had been detained late with work at the bank, was returning home. He identifies Maher and Slensky positively, and says that, although not able to swear positively to Needham, he feels morally certain that he was one of the party. They advanced upon him from the direction opposite that he was going, one behind the others, Maher first, Slensky next, and Needham, as he thinks it

was, behind. Maher caught him around the neck and pressed him to his bosom, lifting him from the ground, so that he was unable to give any alarm, and Slensky struck him twice, when he became insensible and had no further consciousness of what occurred. When consciousness returned, Foster was lying upon the sidewalk; his watch and chain, and his keys and some change which he had in his pocket, were gone. It is proven by the testimony of the detective, that Needham admitted, immediately after his arrest, that he participated with Maher and Slensky in this robbery, and that he received his part of the money for which Foster's watch was pawned by them after the robbery; but attempted to palliate his conduct by the fact that he had been dragged into the robbery by Maher and Slensky. And he admitted, while on the stand as a witness in his own behalf, that he was with Maher and Slensky at the time of the robbery (although denying that he participated therein), and that he ran away with Maher and Slensky after it was committed. But counsel argue that Needham's confession, although they did not object to the admission of the evidence of it or move to exclude such evidence from the jury after its admission, was made under inducements which rendered it incompetent as evidence. There is no proof of this but Needham's own testimony. The detectives deny that they made any promises or offered any inducements whatever to obtain the confession, but say that it was, on the contrary, voluntarily and freely made. The jury were amply warned against the dangers to be apprehended from testimony given by detectives, in the following instruction, given at the instance of Needham:

"The evidence of professional detectives and policemen, upon disputed questions of fact arising in criminal cases, should always be received with a large degree of caution. From the nature of their business, and their frequent and constant association with members of the criminal classes,

their minds are oftentimes unduly biased and prejudiced against those accused of crime, and in whose arrest they have been instrumental, and their testimony thereby colored against them."

The jury were not obliged to discredit the detectives and believe Needham. The witnesses were all before them, and it was their province to determine the question of fact. Being thus cautioned against the testimony of the detectives, we can not presume the jury were inclined to give a too ready credence to such testimony. And, when all the evidence is fairly considered, we can not say the verdict has the appearance of being the result of ignorance, passion or prejudice. The guilt of Needham seems to be morally certain.

The next ground urged for the reversal of the judgment is, that the court erred in giving the first of the people's instructions. That instruction is as follows:

" 1. The court instructs the jury, as a matter of law, that robbery is the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than fourteen years; or if he is armed with a dangerous weapon, with intent, if resisted, to kill or maim such person, or being so armed, he wounds or strikes him, or if he has any confederate present so armed to aid or abet him, he may be imprisoned for any term of years or for life."

The objection taken is that the instruction is not applicable to the facts of the case. The instruction seems to be a literal transcript of that section of the statute which defines robbery and prescribes the punishment to be imposed therefor. Unquestionably, a robbery was committed, and there is evidence that Slensky struck Foster with a pistol, and the reliance to be placed upon this evidence was for the consideration of the jury. But, apart from this, since it is quite evident that

Needham was in nowise prejudiced by this instruction, inasmuch as, instead of inflicting the severe penalty authorized where the party is armed with a dangerous weapon, the jury inflicted the mildest punishment they could for the crime of robbery, it can not be urged as ground of reversal. *Meyer v. Pfeiffer,* 50 Ill. 485; *Wiggins Ferry Co.* v. *Higgins,* 72 id. 517; *Sterling Bridge Co.* v. *Baker,* 75 id. 139; *Hubner* v. *Feize,* 90 id. 208; *Thorn* v. *Watson,* 5 Gilm. 27; *Arenz* v. *Reihle et al.* 1 Scam. 340.

An objection is urged against the people's third instruction, that it is not *literally* accurate. It is conceded that it is *substantially* so, and that is sufficient.

Needham, among other instructions, asked the court to give this instruction : · "Concealment of the robbery does not amount to participation in it."

But the court refused to give it as asked, but modified it by adding: " But it is a circumstance to be weighed with all others in determining the question of participation."

Counsel argue, upon the authority of *The State* v. *Wilson,* 2 Scam. 225, it was error in refusing to give the instruction without modification,—and this is the next ground of error urged.

In the case referred to, the complaint was that the court employed different language from that embraced in the instruction asked.

The court said : " Counsel have a right to require of the court to give an instruction as asked, when the same is in conformity with the law; and if, in the opinion of the court, the jury may not fully comprehend, or may be misled by such instruction, unless explained, it is then the province of the court to give such additional instructions or explanations as may obviate the danger of misapprehension on the part of the jury."

Here, the court gave Needham's instruction in the precise language as asked ; but, lest, in that shape it might mislead the jury, the course here pointed out was followed by the

court.    An addition was made in the way of explanation. Surely, the fact that it was on the same piece of paper and so was to be read immediately after the instruction, could not be an objection.   If the right to explain or modify existed, then that explanation or modification should have been placed where it would be best understood ; and it can not, with any plausibility, be claimed that a modification or explanation of an instrument would be best understood when written on a separate paper, and given to the jury at a different time, and entirely disconnected from the instruction.

To a like objection we said, in *Lyons et al.* v. *The People*, 68 Ill. 279 :  " The object of instructions is to inform the jury what the law is, and so long as they do so correctly, they are not objectionable."

The prisoner in a criminal case has no right to any legal legerdemain whereby the jury shall be compelled to try his case upon a presentation he alone may choose to make of the law.   He has no right to have his case submitted in such a way that, by reason of the disconnected and one-sided view of the propositions, the jury will be in danger of being confused and misled as to the law.   If a proposition is complete and needs no explanation or qualification to correctly apply it to the evidence in the case, it should not be modified or qualified.   But, however perfect a legal proposition in and of itself may be, an explanation or modification which does not tend to mislead the jury or weaken their perception of its true bearing and effect, can not be objectionable.

No claim is or can reasonably be made that the addition here does not correctly state the law; and we think it impossible it could have tended to mislead or improperly influence the jury.

We see no cause to disturb the judgment below.   It is, therefore, affirmed.

*Judgment affirmed.*