George Cox v. The State.

1—When a district judge considers a verdict to be of doubtful propriety, he has the discretion to grant a new trial, and should exercise it under the rules of law, when properly applied for.

2—But this court has not the same opportunity as those of the district judge, for coming to a correct conclusion as to the correctness of the verdict; and therefore this court will not disturb a verdict on the ground that it is contrary to the evidence, unless the record makes it most manifest that material error was committed by the jury.

APPEAL from Gonzales.     Tried below before the Hon. Wesley Ogden.

Indictment for theft of a pistol, worth $25.     Appellant was convicted, and his punishment assessed by the jury at two years in the penitentiary.     He appealed, being refused a new trial.

The rulings do not call for a detail of the evidence, which was very contradictory.

*T. M. Harwood*, for the appellant.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—From the record in this case, no error can be discovered in the rulings of the judge upon the trial.     The charge embraced the law applicable to the case, as disclosed by the testimony.     If any error was committed it was committed by the jury in giving credence to one witness against the positive statements of two others.     This may have been wrong.     But it was the province of the jury alone to weigh the testimony, and believe the one and disbelieve the others. Unlike the judge who presides over trials, this court does not have, nor can it be put in possession of the same facilities for judging of the propriety of granting new trials.     The errors of juries must be most palpable and apparent to justify this

court in awarding them by a reversal of the judgment of the court below. It is often the case that appeals are brought to this court from verdicts and judgments, in which the evidence appears weak, and not altogether satisfactory, and which might not be relied on with implicit faith, if this court were the original triers. But as it is impossible for this court to be fully impressed by a mere transcript of the proceedings, with all the concomitants of a trial, it is the safest rule to abstain from interfering with verdicts, except in those cases in which such errors are made most manifest by the record. From what is developed by this record, the verdict does seem of doubtful propriety. Still, it may be right. It may not have appeared to the judge who presided over the trial to have been an unjust verdict. In this matter he had a better opportunity to come to a correct conclusion than this court can possibly arrive at. Whenever the district judge considers a verdict of doubtful propriety, he has the discretion, and ought to exercise it, to grant a new trial, under the rules of law, when properly applied for.

No such error having been committed as would warrant this court in disturbing the judgment, it is affirmed.

Affirmed.