## PHILLIPS *v.* THE TERRITORY OF WYOMING.

CRIMINAL PRACTICE EVIDENCE—NEW TRIAL.—In proceedings in error in a
criminal case to obtain the review of the orders, rulings and decisions of
the lower court, and one of the errors assigned being: "That the verdict
is not sustained by sufficient evidence and is contrary to law," the rec-
ord must show all the evidence to enable this court to pass upon the
question.

INDICTMENT—CHARGE OF COURT.—Under the statutes of the territory of
Wyoming, upon the trial of an indictment for murder in the first degree,
it is not erroneous for the court to instruct the jury "that if they find
from the evidence that the homicide was perpetrated purposely and mali-
ciously, but without deliberation and premeditation, they might and
should find the defendant guilty of murder in the second degree."

IDEM.—A conviction will not be disturbed, unless there be a decided pre-
ponderance of evidence in favor of the prisoner.

IDEM.—A defendant in a criminal action cannot claim a new trial on the
ground that the jury found him guilty of a lesser grade of the offense
charged in the indictment than the evidence warranted.

ERROR to the District Court for Laramie County.

The following is the statement of the case filed by the
judge writing the opinion:

The defendant, Frank Philips, was indicted at the July
term, 1871, of the district court, Laramie county, first
judicial district, for the crime of murder in the first degree.
At the same term he was arraigned on said indictment, and
after interposition of plea of not guilty, was tried on said
indictment and plea by jury and found guilty of murder in
the second degree. Thereafter at the same term, defendant
by his counsel made a motion to set aside the verdict of the
jury and to grant a new trial, which motion after argument
by counsel was overruled by the court. The reasons as-
signed in said motion to set aside the verdict were as fol-
lows:

1. That the verdict is not sustained by sufficient evidence
and is contrary to law.

2. That the court erred in instructing the jury "that if
they found from the evidence that the homicide was perpe-
trated purposely and maliciously, but without deliberation

and premeditation, they might and should find the defendant guilty of murder in the second degree."

*H. Garbanati,* for plaintiff in error.

*I. W. Cook,* for defendant in error.

By the Court, CAREY, J.   It does not appear by the record by what process this case is brought to this court, but as counsel for the territory and counsel for the defendant have argued this cause (without objection) upon the questions presented in the motion for a new trial in the district court, this court will decide upon the questions so presented. The first reason assigned in the motion is, that the verdict is not sustained by the evidence and is contrary to law.   Section 145 of the code of criminal procedure provides among other things, "where the grounds of exception are that the verdict is not sustained by sufficient evidence or is contrary to law, and the court has overruled a motion for a new trial made on that ground, the bill of exceptions shall substantially set out the evidence."   Notwithstanding this provision of law it would be impossible for this court to decide that a verdict rendered in a district court was not sustained by evidence unless the record shows all the evidence.   If this court is to be governed by reports of evidence which purport to be substantially true, we can conceive of cases where it may do manifest injustice to parties as well as to the rulings and decisions of the district courts.

In this case, the counsel for the territory and the counsel for the defendant, do not agree that the record contains all the testimony.   But supposing that it does, then this court would not be justified in disturbing the verdict of the jury. The jury are the judges of the facts.   The law is well settled that a court, especially a court of errors or appeals, will not disturb a verdict of a jury where the question is wholly one of fact, unless it is clearly against the weight of evidence.   "A conviction will not be disturbed, unless there be a decided preponderance of evidence in favor of

the prisoner:" *People* v. *Ah Loy*, 10 Cal. 301–312; 12 Ills. 460. In this case, the court finds from the record, that there is evidence upon which the jury could have based their verdict of guilt.

In the case of *Cox* v. *State*, 32 Texas, 610, the court held " that as the supreme court had not the same opportunity as that of a district judge, for coming to a correct conclusion as to the correctness of the verdict, a supreme court will not disturb a verdict on the ground that it is contrary to the evidence, unless the record makes it most manifest that material error was committed by the jury." It was contended in argument, by the attorney for the defendant, that the evidence in their case, if it proved the defendant guilty of anything, it was murder in the first degree, and not murder in the second degree, as found by the jury. Admitting the proposition to be true, can the defendant take advantage of it? He has no cause for complaint. By statute in this territory, a person indicted for murder in the first degree, can be found guilty of murder in the second degree. The law is well settled that if a defendant is convicted of a lesser felony than that charged in the indictment, he cannot again be tried for the greater, nor can a defendant claim a new trial on the ground that the jury found him guilty of a lesser grade of the offense charged in the indictment than the evidence warranted. This question is settled by the case of *Commonwealth* v. *McPike*, 3 Cush. 181. In this case one of the points raised by the bill of exceptions, presented the question whether upon an indictment for manslaughter, the defendant must be acquitted if the evidence satisfied the jury that the homicide was committed with malice aforethought. The court held that in such a case the party on trial had no reasonable ground for complaint, that it is not for him to say that his crime has another element in it which, if charged in the indictment, would have constituted it a higher offense and more severely punishable.

So in this case, all the elements of murder in the second

degree are contained in murder of the first degree, and if the jury convicted the defendant of the lesser offense, when the evidence would have warranted them in finding him guilty of the greater, he has no reason to complain. It is argued that 'the court below erred in instructing the jury, the only instruction recited in the motion for a new trial, is in the language of the statute defining murder in the second degree, and it is clear this instruction in this case was not erroneous.

Judgment affirmed.