[In Bank.—January 16, 1884.]

## THE PEOPLE, RESPONDENT, *v.* E. DAVIS, APPELLANT.

CRIMINAL LAW—INSTRUCTION—CIRCUMSTANTIAL E IDENCE—REASONABLE DOUBT. —At the trial of the defendant for grand larceny his counsel requested the court to charge the jury as follows: "The following principle of law is of universal application in all cases based on circumstantial evidence. It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable the hypothesis sought to be established, but the hypothesis contended for by the prosecution must be established to an *absolute moral certainty* to the entire exclusion of any rational probability of any other hypothesis being true, or the jury must find the defendant not guilty." *Held*, that the word "absolute" suggests a degree of certainty greater than moral certainty, and that the instruction was properly refused.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*W. A. Harris*, and *S. M. Franklin*, for Appellant.

*Attorney-General Marshall*, for Respondent.

PER CURIAM.—Defendant was found guilty of grand larceny on circumstantial evidence.

Counsel for defendant requested the court to charge the jury as follows:—

"The following principle of law is of universal application in all cases based on circumstantial evidence. It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable, the hypothesis sought to be established, but the hypothesis contended for by the prosecution must be established to an *absolute moral certainty* to the entire exclusion of any *rational* probability of any other hypothesis being true, or the jury must find the defendant not guilty." The offered instruction was by the court rejected as "superfluous —included in other instructions."

An instruction with reference to circumstantial evidence would not have been "superfluous." The charge, given in different forms, that the jury must be satisfied of defendant's guilt "beyond a reasonable doubt," is a legal proposition, applicable to all criminal cases, as well where the evidence is direct as where it is circumstantial, and the court might very properly have instructed the jury further in such manner as would have assisted them in reaching a correct conclusion upon the *circumstances* proved.

The rule as laid down by Greenleaf is: "Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with every other rational conclusion." (1 Greenleaf Ev. § 34.) The rule was adopted and approved in *People* v. *Shuler*, 28 Cal. 490, and followed in *People* v. *Strong*, 30 Cal. 154.

And in *People* v. *Anthony*, 56 Cal. 400, this court held an instruction not objectionable which read: "It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable, the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis but the single one of guilt," etc.

But when it is urged here that the court below erred in rejecting an instruction requested, we are justified in reversing the judgment only when it appears that it was the duty of the court to give the instruction exactly as requested. It has been repeatedly held that if any part of a single instruction ought not to have been given, the action of the trial court in rejecting the whole will be affirmed; and this result must follow when any part of a single instruction is so worded as that it may have a tendency to mislead the jury, as well as when a part directly declares that to be law which is not law. A philologist may be able to say that the word "absolute" in the instruction requested and rejected, adds no force to the words "moral certainty." But the word suggests a degree of certainty greater than that moral certainty, which can be reached upon such evidence as is securable in courts of justice. If the learned judge of the court below had stricken out the word "absolute" we certainly could

not have held that it was error on his part. It follows that it was not error to decline to give the instruction as it was presented.

Judgment and order affirmed.