Cornish v. Territory.

## CORNISH v. TERRITORY.

(February 2, 1884.)

MURDER—EVIDENCE—BEST AND SECONDARY—REA
SONABLE DOUBT — VERDICT — REVIEW ON AP·
PEAL.

1. Where an indictment charged defendant
with the murder of a woman by choking, suffo-
·cating, and strangling her with his hands, the
admission of evidence that defendant's hands
could have produced the wounds on decedent's
throat and neck, while unnecessary, since the
fact was a matter of common knowledge, was
not error.

2. Where the testimony of a witness, though
tending to prove what the prosecution was try-
ing to establish, was neither strong nor satis-
factory, and, without other evidence, should
have been excluded, the court properly admitted
it when there was other testimony to the same
point.

3. The court properly permitted the exist-
·ence and contents of a letter written by defend-
ant in Dakota territory to a British consul in
Canada to be proved by a witness who had read
the letter and knew defendant's handwriting,
though there was no evidence that the prosecu-
tion had made any effort to secure it, since the
letter had never been within the jurisdiction of
the court, and there were no legal means to pro-
·cure it.

4. The guilt of a person charged with a crime
must be proved beyond a reasonable, but not be-
yond a possible, doubt.[1]

5. On a trial for murder a verdict that "we,
the jury in the above-entitled case, do find the
·defendant guilty of murder in the second de-
·gree," is sufficient.

6. The supreme court, on appeal, will not in-
terfere with the verdict of a jury on a trial for
murder where there is material evidence tending
to support it. Phillips v. Territory, 1 Wyo. 82,
·followed.

Error to district court, Laramie county.

Charles F. Cornish was convicted of mur-
·der in the second degree, and brings error.
Affirmed.

*J. A. Riner*, for plaintiff in error. *J. C.
Baird*, for the Territory.

PARKS, J.  On the twenty-fourth day of
November, 1882, the plaintiff in error was
indicted for murder in the first degree, the
indictment charging him with the murder
of one Elmira L. Curliss, in Laramie coun-
ty, on the eighth day of October, 1882, by
·choking, suffocating, and strangling her
with his hands. On the plea of "not
·guilty" the plaintiff in error was put on
trial in the district court of the First judi-
·cial district of said territory, on the fif-
teenth day of January, 1883, and on the

---

[1] See note at end of case.

nineteenth day of the same month the jury
returned a verdict of "guilty of murder in
the second degree." On the twenty-ninth
day of January, 1883, the plaintiff in error
and defendant below filed his motion for
a new trial in said district court. The
argument of said motion took place in the
said district court on the ninth day of
February, 1883, and on the sixteenth day
of February the said court overruled the
motion for a new trial, to which overrul-
ing of said motion the defendant below,
by counsel, excepted. The court then sen-
tenced the said Charles F. Cornish to life
imprisonment in the territorial peniten-
tiary at Joliet, state of Illinois, but ·sus-
pended execution of sentence until the next
term of said court. On April 16th the de-
fendant below presented his bill of excep-
tions, and the bill was allowed on May 23,
1883.

The first error assigned is as follows:
"That the court on the trial of this cause
erred in overruling the objection of the de-
fendant to the question asked of the wit-
ness F. L. Ledeboer, as to whether that
hand of the. defendant could have pro-
duced those wounds, (referring to the
wounds said to have been found upon the
neck and throat of Elmira L. Curliss, de-
ceased.)"

We see no objection to this question ex-
cept its immateriality. As the jury must
have known without proof that the hand
in question, if clasped on the throat of a
delicate woman, could produce wounds
and death, the answer could have very
little effect in any way. Any jury of ordi-
nary intelligence knows that a blow on
the head with an ax, a shot through the
heart with a pistol, or a strong hand
grasping the throat of a feeble woman,
can cause serious wounds and sudden
death; and, in the examination and de-
termination of cases submitted to them,
it is their right and duty to consider such
facts, whether they are proved on the trial
or not. Proving facts of this character,
which are known to all the world and
constitute part of the general intelligence
of mankind, is unnecessary, but is not er-
ror.

The second error assigned is the overrul-
ing of the motion of defendant to strike out
the entire testimony of the witness Ham-
ilton Cornell. We think the course pur-
sued by the court in disposing of this mo-
tion a proper one. The testimony of Cor-
nell, though tending to prove what the
prosecution was trying to establish, was

neither strong nor satisfactory, and, without other evidence, should have been excluded from the jury. The court held its decision upon the motion dependent upon whether other evidence of the same character was introduced, and, after such testimony was introduced, let the testimony of Cornell go with it to the jury. In this there was no error. It often happens that the testimony of any one of several witnesses introduced to prove an issue is of itself weak, and that the testimony of all of them taken together is strong. Cornell's evidence strengthened the evidence of the other witnesses, and was strengthened by theirs. Its exclusion would have been error.

The third error assigned raises the question whether the court could properly allow the existence and contents of a letter written by the prisoner in Dakota territory to a British consul in Canada to be proved by a witness who had read the letter in Dakota, and knew Cornish's handwriting, said letter never having been under the control of the witness, nor of the prosecution, nor within the jurisdiction of the court, and there being no evidence that the prosecution had made any effort to procure the letter. The court admitted the evidence rightfully, as we think, both upon reason and authority. The prosecution was not bound to use any but legal means to procure evidence of any kind. There were no legal measures available to procure this letter. It was beyond the power of the prosecution and of the court. No other evidence was attainable. The handwriting of Cornish and the contents of the letter were clearly proved, and the evidence was competent.

Errors numbered 4, 5, and 6 relate to the instructions given and refused by the court, and may all be considered together. The only instructions that we need particularly notice are the two numbered eight, (8,) one asked for by defendant and refused by the court and the other given by the court, and being a modification of that asked for by the defendant. The words "must be absolutely incompatible with the innocence of the accused" insisted upon by the defendant and not given by the court, have been correctly defined to "imply that the proof of defendant's guilt must be established beyond the possibility of a doubt." In commenting upon instructions of this character the New York court of appeals, in volume 80, p. 646, say: "When a case depends upon circumstan-

tial evidence—and in most other cases a jury could not find that it was not possible for some one besides the prisoner to have committed the offense—a jury is never required to find that it was not possible for another to have committed the crime before they can convict a prisoner on trial, or, in other words, to find that it is impossible for the prisoner to be innocent. Such a degree of certainty is rarely attainable in the administration of justice. It is sufficient that all the material circumstances point to guilt, and that they are inexplicable upon the theory of innocence. The guilt must be established beyond a reasonable, not beyond a possible, doubt." Poole v. People, 80 N. Y. 646.

This is the law, and disposes of the objection raised upon instructions numbered eight, (8.)

Of instruction No. 2 of the prosecution we need only say that it seems to have been drawn with great care, and that it is not erroneous.

As to the refusal of the court to give defendant's instruction number three, (3,) it is sufficient to say that the written charge of the court on page 5 contains substantially the same instruction, and that it is more full and more favorable to the prisoner than the refused instruction. The charge was evidently prepared with deliberation and care. It contains the law of the case, and nothing more was really necessary. Still the court, though at the expense of some repetition, gave most of the instructions asked for by the defendant, either in a modified or unmodified form, and in its discretion it had a right to do so.

We do not find any of the errors complained of in the fourth, fifth, and sixth assignments.

The seventh error assigned is:

"That the verdict of the jury returned and filed in said cause on the nineteenth day of January, A. D. 1883, is not responsive to the issues in said cause, and is so imperfect, uncertain, ambiguous, and defective, and there is such duplicity in the same, that the court can render no valid judgment thereon."

The verdict of the jury was:

"We, the jury in the above-entitled case, do find the defendant guilty of murder in the second degree."

It is not necessary to discuss the questions raised in the argument of this alleged error. It is sufficient to say that the law and the practice of the courts is

Cornish v. Territory.

settled upon all those questions, and that the verdict in this case is good.

The eighth error is that the verdict is not sustained by sufficient evidence. In their briefs and arguments upon this assignment of error the opposing counsel differ as to the law of the case. The prosecuting attorney contends that a new trial should not be granted if there is any evidence to sustain the verdict; that matters that are within the province of the jury are not reviewable; and to sustain his position refers us to many authorities, and among them to several decisions in New Mexico. The leading case in that territory has not been cited. It is Territory v. Webb, 2 N. M. 147. The opinion of the court is by Judge BRISTOL. It is evidently well considered, and presents the law as claimed by the prosecution more fully and clearly than any authority to which we have been referred. A part of the argument is as follows:

"When the evidence is contradictory, and the verdict is against the weight of evidence, though a new trial may be granted by the court trying the cause, in their discretion, the decision denying the same is not examinable by an appellate court. State v. Cruise, 16 Mo. 391; Herber v. State, 7 Tex. 69."

"If there had been no part of the evidence which, if true, would sustain the verdict, then an error of law would have been apparent from the record, upon which we could reverse the judgment. Under the rules governing the judicial administration of the criminal laws of this territory, this court can only review and determine errors of law appearing upon the face of the record. Cathcart v. Com., 37 Pa. St. 108. It is quite beyond the scope of its duties to determine the credibility of witnesses testifying in a lower court, the weight of their testimony aside from the evidence, or the reconciliation of conflicting testimony. It would indeed be establishing a precedent vicious in its nature and bad on principle, if this court, sitting as an appellate tribunal to determine errors in law, should thus invade the province of the jury, and attempt to determine those questions of fact from conflicting testimony."

And the learned judge concludes by saying that cases might arise wherein the evidence might be so slight as to justify an appellate court in reversing a judgment rendered thereon.

On the other hand, the defendant relies upon the law as laid down by the supreme court of Illinois in Falk v. People, 42 Ill. 331, that, "although in civil cases an appellate court will not interfere to set aside the verdict of a jury unless it is decidedly against the weight of evidence, in criminal cases the rule is different." In criminal cases an appellate court will set aside the verdict "unless, on the whole record, it is satisfied that justice has been done." Subsequently the court modify the doctrine and apply it to "capital cases," which involve the "dread punishment of death," and in which the court "shall be satisfied justice has not been done."

In this territory the question whether the verdict is supported by sufficient evidence seems, by the statute, to be submitted to this court, on review, alike in civil and criminal cases. The meaning of the statute has been practically decided in Phillips v. Territory, 1 Wyo. 82. According to that decision, where there is material evidence tending to prove the prisoner's guilt before the jury, and the trial court refuses to set aside their verdict, this court will not reverse the action of both court and jury. It will examine the record to see whether there is evidence upon which a verdict of guilt might reasonably be founded, and, being satisfied on that point, will refuse to interfere, whatever may be its own opinion of the weight or preponderance of the evidence.

In the case before us there is a good deal of evidence going to prove the guilt of the defendant, and there is no evidence in his favor. The effect of the depositions showing that he had money in August is against rather than for him. He was clearly proved to be a spendthrift, and a profligate, and there is no reasonable probability that the money he had and spent in October was the same money that he received in August. If we adopt the theory of the law claimed by prisoner's counsel, we cannot say, to use the language of the supreme court of Illinois, that we are "satisfied that justice has not been done." On the contrary, this is a stronger case against the prisoner than the case of Needham v. People, 98 Ill. 275, where the defendant was sent to the penitentiary on the testimony of a boy 10 years old, against the testimony of three adult witnesses, including the prisoner.

The ninth error assigned, that the verdict of the jury is contrary to law, requires no discussion, as it follows from

Cornish v. Territory.

the other assignments of error and falls with them.

After a thorough examination of this record and a careful consideration of the case, as its importance demands, we are satisfied that there is no error which demands the interference of this court, and that the judgment of the district court should be affirmed.

All the judges concurring.

NOTE.

REASONABLE DOUBT.

A reasonable doubt is one for which a sensible man can give a good reason, based on the evidence or want of evidence. It is such a doubt as a sensible man would act upon, or decline to act upon, in his own concerns. U. S. v. Jones, 31 Fed. Rep. 718.

The guilt of an accused is proven beyond a reasonable doubt when, upon the entire comparison and consideration of all the evidence, the minds of the jurors are in that condition that they can say from the evidence they have and feel an abiding conviction to a moral certainty of the truth of the charge. A reasonable doubt does not consist of possible or conjectural doubts not growing out of the evidence, but is one which, when considering the evidence alone, leads the juror to hesitate, and upon which he would refuse to act in the important concerns of life. It is error to charge the jury that it is a doubt for the having of which the juror can give a reason derived from the testimony. Carr v. State, (Neb.) 37 N. W. Rep. 630. Respecting "reasonable doubt" in criminal cases, see Knarr's Appeal, (Pa. Sup.) 9 Atl. Rep. 878; People v. Lee Sare Bo, (Cal.) 14 Pac. Rep. 310; McCullough v. State, (Tex. Sup.) 5 S. W. Rep. 175; White v. State, (Tex. Sup.) 3 S. W. Rep. 710, and note; U. S. v. Jackson, 29 Fed. Rep. 503, and note; People v. Kernaghan, (Cal.) 14 Pac. Rep. 566; Cowan v. State, (Neb.) 35 N. W. Rep. 405; State v. Robinson, (S. C.) 4 S. E. Rep. 570; Kidd v. State, (Ala.) 3 South. Rep. 442; State v. Maher, (Iowa,) 37 N. W. Rep. 2; People v. Cox, (Mich.) 38 N. W. Rep. 235; Lang v. State, (Ala.) 4 South. Rep. 193; Ochs v. People, (Ill.) 16 N. E. Rep. 662; U. S. v. King, 34 Fed. Rep. 302.

Reasonable doubt is not "such a doubt as would induce a man of reasonable firmness and judgment to act upon it in matters of importance to himself." People v. Bemmerly, (Cal.) 25 Pac. Rep. 266; Com. v. Miller, (Pa. Sup.) 21 Atl. Rep. 138.

A reasonable doubt does not mean all doubt, (U. S. v. Wright, 16 Fed. Rep. 112;) it must be a substantial, and not an imaginary or speculative, doubt, (U. S. v. Keller, 19 Fed. Rep. 633;) such a doubt as a prudent and reasonable man would be likely to act upon in determining important affairs of life, (People v. Dewey, (Idaho,) 6 Pac. Rep. 103;) such a doubt as fairly and naturally arises in the mind of the jury after fully and carefully weighing and considering the evidence which has been introduced, viewed in all the light and circumstances surrounding the case. State v. Stewart, (Iowa,) 3 N. W. Rep. 99.

It must arise from a candid and impartial consideration of all the evidence in the case. State v. Pierce, (Iowa,) 21 N. W. Rep. 195.

A preponderance of evidence is not essential to raise a reasonable doubt of defendant's guilt, (State v. Red, (Iowa,) 4 N. W. Rep. 831; State v. Porter, (Iowa,) 20 N. W. Rep. 168;) nor weight of preponderant evidence. Walbridge v. State, (Neb.) 13 N. W. Rep. 209. "Clearly proven" has been held not to be "beyond a reasonable doubt." State v. Stewart, (Iowa,) 3 N. W. Rep. 99. The jury must be satisfied beyond a reasonable doubt as to each link in the chain of evidence. Marion v. State, (Neb.) 20 N. W. Rep. 289. The *corpus delicti* must be proven. Territory v. Monroe, (Ariz.) 6 Pac. Rep. 478.

It has been held that an instruction directing the jury to determine this question of fact of proof beyond a reasonable doubt "just as they would determine any fact in their own private affairs," is not sufficient. Territory v. Lopez, (N. M.) 2 Pac. Rep. 364.

Each juror is to act upon his own judgment, and if he entertains a reasonable doubt is not required to surrender his convictions and render a verdict merely because the other jurors entertain no such doubt. State v. Hamilton, (Iowa,) 11 N. W. Rep. 5.

Proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment and understanding of ordinarily prudent men with a conviction on which they would act in the most important concerns or affairs of life. Polin v. State, (Neb.) 16 N. W. Rep. 898.

Where a criminal charge is sought to be proved by circumstantial evidence, the proof must not only be direct, (State v. Clemons, (Iowa,) 1 N. W. Rep. 546,) but also consistent with the guilt of the accused, and inconsistent with any other rational conclusion, (Walbridge v. State, (Neb.) 13 N. W. Rep. 209; People v. Davis, (Cal.) 1 Pac. Rep. 889.)

It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every hypothesis except the single one of guilt. People v. Davis, (Cal.) 1 Pac. Rep. 889. That testimony not believed does not raise. Binfield v. State, (Neb.) 19 N. W. Rep. 607. What amounts to, in defense of *alibi*. State v. Reed, (Iowa,) 17 N. W. Rep. 150.

It has been held that if there is evidence upon which a verdict of guilt might reasonably be founded an appellate court will not interfere, whatever may be their opinion as to the weight or preponderance of the evidence. Leonard v. Territory, (Wash. T.) 7 Pac. Rep. 872, and note, 882; Minich v. People, (Colo. Sup.) 9 Pac. Rep. 4, and note, 15; and Clair v. People, (Colo. Sup.) 10 Pac. Rep. 799, and note, 802.

It is error to instruct a jury that, while each juror must be satisfied of the defendant's guilt beyond a reasonable doubt to authorize a conviction, such reasonable doubt, unless entertained by all the jurors, does not warrant an ac-

quittal. Stitz v. State, (Ind. Sup.) 4 N. E. Rep. 145.

The jury must not be satisfied by a mere probability of the truth of the charges in the indictment, but the evidence must produce in their minds an assurance and certainty of guilt beyond a reasonable doubt, before they can pronounce the accused guilty. U. S. v. Searcey, 26 Fed. Rep. 435.

A reasonable doubt is not a mere guess—a mere surmise—that one may not be guilty of what he is charged with; it is a doubt that a jury may entertain, as reasonable men, after a thorough review and consideration of the evidence,—a doubt for which a good reason arising from the evidence can be given. U. S. v. Johnson, 26 Fed. Rep. 682.

Judge Dick says, in U. S. v. Hopkins, 26 Fed. Rep. 443, that "the inherent imperfection of language renders it impossible to define in exact and express terms the nature of a reasonable doubt. It arises from a mental operation, and exists in the mind when the judgment is not fully satisfied as to the truth of a criminal charge, or the occurrence of a particular event, or the existence of a thing."

An instruction in a criminal case, that, in order to justify an acquittal, the doubt of the defendant's guilt must arise out of the evidence, and be such as to cause a prudent man to hesitate before acting in matters of the gravest concern, is erroneous; for the doubt may arise from the want of evidence, and, in order to justify a conviction, the evidence must be such as to produce in the minds of prudent men such certainty that they would act upon the conviction produced, without hesitation, in their own most important affairs. Brown v. State, (Ind. Sup.) 5 N. E. Rep. 900.

In People v. Steubenvoll, (Mich.) 28 N. W. Rep. 883, it was held that an instruction defining "reasonable doubt" as "a doubt arising out of the facts and circumstances of the case, in maintaining which you can give some good reason," while not accurate, was not of sufficient consequence to be assigned as error in that case.

In Bressler v. People, (Ill. Sup.) 3 N. E. Rep. 521, the court instructed the jury "that the rule requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty." The charge was sustained on appeal, where it was urged that the connecting facts, as well as the circumstances, should be proved beyond a reasonable doubt.

To constitute a reasonable doubt, it need not be such as the jury are "able to find a reason in the evidence for." Childs v. State, (Neb.) 51 N. W. Rep. 837; Morgan v. State, (Ohio,) 27 N. E. Rep. 710. In State v. Jefferson, (La.) 10 South. Rep. 199, it was held that a charge that a reasonable doubt "is not a mere possible doubt; it should

be an actual or substantial doubt; it is such a doubt as a reasonable man would seriously entertain; it is a serious, sensible doubt, such as you could give a good reason for,"—was correct.

"The doubt which requires an acquittal must be actual and substantial, not mere possibility or speculation." Little v. State, (Ala.) 8 South. Rep. 82.

Reasonable doubt is an honest misgiving, generated by the insufficiency of the proof. U. S. v. Means, 42 Fed. Rep. 599.

"A reasonable doubt is such as a reasonable man would have, after a careful investigation of any important subject, that prevents his being able to come to a satisfactory conclusion about it one way or the other." Johnson v. State, (Ga.) 14 S. E. Rep. 889.

The fact that no motive for the crime appears does not raise a reasonable doubt of guilt. State v. Morgan, (W. Va.) 13 S. E. Rep. 385.

All of the various facts and circumstances relied on to prove a fact need not be proved beyond a reasonable doubt. State v. Crane, (N. C.) 15 S. E. Rep. 231; Weaver v. People, (Ill. Sup.) 24 N. E. Rep. 571; Davis v. People, (Ill. Sup.) 29 N. E. Rep. 192.

"Reasonable doubt does not mean that the jury must be 'morally certain' that defendant is not guilty." Young v. State, (Ala.) 10 South. Rep 913.

A reasonable doubt does not require an abiding and "absolute" belief of defendant's guilt in order to convict. Whatley v. State, (Ala.) 9 South. Rep. 236.

The jury need not be "indubitably certain" of defendant's guilt, or to be able to say "where the truth indubitably lies." Ross v. State, (Ala.) 9 South. Rep. 357.

By a reasonable doubt is not meant certainty beyond all doubt whatsoever, but that defendant should be acquitted if there is some substantial doubt, arising from the evidence, or the want of it, which is not a mere possibility of innocence. State v. Turner, (Mo. Sup.) 19 S. W. Rep. 645.

A reasonable doubt of defendant's guilt is not the same as a probability of his innocence, but such a doubt as may exist when the evidence fails to establish a probability of innocence. Bain v. State, 74 Ala. 38, followed. Croft v. State, (Ala.) 10 South. Rep. 517.

A charge that a reasonable doubt must be a "strong" doubt is not misleading. State v. Bodie, (S. C.) 11 S. E. Rep. 624.

A charge that, if the jury thought defendant did not commit the crime charged, they should give him the benefit of the doubt, is insufficient. State v. Raymond, (N. J. Sup.) 21 Atl. Rep. 328.

An instruction that a reasonable doubt must be a "substantial, well-founded doubt," while not approved, does not require a reversal. State v. Young, (Mo.) 16 S. W. Rep. 408.

An instruction in regard to a reasonable doubt is not erroneous because requiring the doubt to grow out of the whole evidence. Baker v. Com., (Ky.) 17 S. W. Rep. 625.

A charge that defendant is entitled to acquit-

Spencer v. McMaster.

tal if there is a reasonable doubt, but that "mere possible doubts, however reasonable, which beset some minds on all occasions," should not prevent conviction, is meaningless and confusing. People v. Chun Heong, (Cal.) 24 Pac. Rep. 1021.