[No. 21170.   In Bank.—January 26, 1895.]

THE PEOPLE, RESPONDENT, *v.* W. F. DEMASTERS, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MAYHEM — LESS OFFENSE—SIMPLE ASSAULT—REFUSAL TO INSTRUCT JURY. — Under an information charging a defendant with an assault with intent to commit mayhem, the court should instruct the jury that the defendant may be found guilty of a simple assault, and, where the court has omitted to give an instruction to that effect of its own motion, it is error for the court to refuse so to instruct the jury when asked to do so by counsel for the defendant.

ID.—RULE REQUIRING PARTY TO PRESENT INSTRUCTIONS BEFORE ARGU-
MENT—OBJECT OF RULES—DUTY OF COURT—NEW TRIAL.—A rule of
court requiring parties who desire instructions to be given to present
them to the court before argument may be proper and beneficial as a
general rule, when applied to doubtful and controverted questions of
law; but rules of court are only a means to accomplish the ends of
justice and may be departed from when the purposes of justice require
it; and such general rule should not be allowed to prevent the court
from giving an instruction upon request of the counsel of the defendant
which is usually given by courts of their own motion, and a refusal to
give such instruction is ground for a new trial.

ID.—ERRONEOUS INSTRUCTION AS TO MAYHEM—INTENT TO BITE LIP.—An
instruction as to an assault with intent to commit mayhem with respect
to the lip of another person should follow the statutory definition by
using the word "slit," employed in section 203 of the Penal Code, and
is erroneous if it speaks of "biting" instead of "slitting" the lip. The
lip may be bitten in such a manner as not to amount to mayhem, and
the intent to "bite" is not the equivalent of an intent to "slit."

APPEAL from a judgment of the Superior Court of
Tulare County and from an order denying a new trial.

The facts are stated in the opinion.

*Roth & McFadzean,* for Appellant.

The court erred in giving the third instruction re-
quested by counsel for plaintiff which in effect instructed
the jury that an unlawful and malicious attempt to bite
the lip of another constituted an assault with intent to
commit mayhem, as the word used in the statute defin-
ing mayhem is "slit" and not "bite." (Pen. Code, sec.
203.) The court erred in refusing to give an instruc-
tion as requested by the defendant as to the lesser
offenses included within the charge. (Pen. Code, sec.
1159; *State* v. *Cody,* 18 Or. 506; *People* v. *Guidice,* 73
Cal. 226.) The reason assigned by the court for such
refusal that the instruction was not presented in writing
to the court before argument, in accordance with an
alleged rule of the *nisi prius* court, did not render his
refusal proper, even if such rule existed. (*People* v.
*Williams,* 32 Cal. 282.) But there is no record in this
case of such a rule, and this court will not presume its
existence. (*Sweeney* v. *Stanford,* 60 Cal. 366; *Wetherbee*

v. *Carrol,* 33 Cal. 549; *Warden* v. *Mendocino County,* 32
Cal. 658; *Cutter* v. *Caruthers,* 48 Cal. 183.)

*Attorney General William H. H. Hart, Deputy Attorney
General Charles H. Jackson, District Attorney Maurice E.
Power,* and *Daggett & Adams,* for Respondent.

The court did not err in refusing to instruct the jury
as requested as to the lesser offense, as from the evi-
dence the crime was the greater one or none at all, and
a charge of simple assault would have been absolutely
improper. (*People* v. *Lee Gam,* 69 Cal. 553; *People* v.
*Turley,* 50 Cal. 469; *People* v. *Estrado,* 49 Cal. 171; *Peo-
ple* v. *Welch,* 49 Cal. 174; *People* v. *Soto,* 63 Cal. 166.)
Instructions are to be given with reference to facts
found before the jury. (*People* v. *Byrnes,* 30 Cal. 207;
*People* v. *King,* 27 Cal. 509, 513; 87 Am. Dec. 95; *People*
v. *Arnold,* 15 Cal. 477, 482; *People* v. *McCauley,* 1 Cal. 385;
*People* v. *Best,* 39 Cal. 691; *People* v. *Whitney,* 53 Cal.
421; Hayne on New Trial and Appeal, sec. 122.) The
presumption is the court charged on every material
point correctly. (*People* v. *Marks,* 72 Cal. 46; Pen.
Code, sec. 1127; Code Civ. Proc., secs. 1963, 2091,
subds. 15, 33.) The rule requiring attorneys to hand
in their instructions to the judge in time for review
before presenting them to the jury was reasonable, and
the judge had the right to refuse instructions not so
presented. (Hayne on New Trial and Appeal, sec. 126;
*Anderson* v. *Parker,* 6 Cal. 197; *People* v. *Sears,* 18 Cal.
635; *Waldie* v. *Doll,* 29 Cal. 561.)

HAYNES, C.—The information charged that the de-
fendant "did willfully, unlawfully, and feloniously
assault one James Crawford with intent to commit
mayhem."

At the conclusion of the evidence certain written re-
quests to instruct the jury were submitted by counsel
for defendant, and, at the conclusion of the argument,
these, and also certain instructions prepared by counsel
for the people, were given, and following these the court

gave certain other instructions of its own motion, and was proceeding to instruct the jury as to the form of their verdict, when counsel for defendant, Mr. Roth, said: "If the court please, have you forgotten an instruction as to the degrees? There are two degrees."

*The Court.* "You have offered no instruction on that subject."

*Mr. Roth.* "I thought it customary for the court to give those instructions."

*The Court.* "I was going to instruct them as to the form of the verdict."

*Mr. Roth.* "Very well, the form may give it."

Thereupon the court instructed the jury that, if they found the defendant guilty of an assault with intent to commit mayhem, their verdict should be: "We, the jury, find the defendant guilty of an assault with intent to commit mayhem; should you find the defendant not guilty, the form of your verdict should be, 'We, the jury, find the defendant not guilty.'"

*Mr. Roth.* "I would like to ask, can we have an instruction as to the degree of this crime? I think the charge includes the charge of simple assault."

The court replied, in substance, that a rule of that court required a party who desired instructions given to present them to the court before the argument; that it did not like to take chances on giving an instruction on the spur of the moment, and declined to instruct the jury upon that subject.

The court erred in not instructing the jury as requested. Section 1127 of the Penal Code provides: "In charging the jury the court must state to them all matters of law necessary for their information. Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent it must be given; if not, it must be refused."

Section 1159 of the Penal Code provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with

which he is charged, or of an attempt to commit the offense"; and a charge of an assault with intent to commit mayhem, murder, robbery, or any offense involving violence to the person, necessarily includes the assault. The rule of court referred to may be proper and beneficial as a *general* rule, and, when applied to doubtful and controverted questions of law, ought to be usually adhered to; but, as was said in *Pickett* v. *Wallace,* 54 Cal. 148: " Rules of court are but a means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules, or except a particular case from their operation whenever the purposes of justice require it."

The instruction desired by the defendant was one usually given by courts of their own motion. If the court had overlooked it, and counsel had not called the attention of the court to the omission, a different question would be presented; but in this case the observance of the rule operated to subvert its object, viz., to promote the purposes of justice. Having made the ruling, the defendant's motion for a new trial should have been granted upon that ground.

Respondent's contention that the omission or refusal of the court to instruct the jury that they might find the defendant guilty of assault was proper, because " the crime was the greater one or none at all," is without merit. Cases for murder, where the court refused to instruct that a verdict for manslaughter might be found, are broadly distinguishable from the case at bar, since here an assault is directly charged; and, if no assault was made, the higher offense could not be committed. (See *People* v. *Defoor,* 100 Cal. 150.)

The words, " *or bite* the lip," used in the third instruction given at the request of the prosecution, is not the equivalent of the word " slit," used in section 203 of the Penal Code. If this injury to the lip was such as to constitute mayhem the defendant should have been charged with that offense; but, as it is not claimed that the bite amounted to mayhem, the instruction should

have followed the statutory definition and used the word "slit." Since the case itself proves that the lip may be bitten in such a manner as not to amount to mayhem, it follows that the intent to "bite" is not necessarily the equivalent of an intent to "slit."

The judgment and order appealed from should be reversed and a new trial ordered.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered. GAROUTTE, J., HARRISON, J., McFARLAND, J., HENSHAW, J., VAN FLEET, J., TEMPLE, J.