[Crim. No. 1375. Second Appellate District, Division Two.—January 28, 1927.]

THE PEOPLE, Respondent, v. JESSE SMITH, Appellant.

[1] CRIMINAL LAW—ROBBERY—REPUTATION—EVIDENCE—INSTRUCTIONS. In a prosecution for robbery, where there was no testimony concerning defendant's character as to peace, quiet, and as a law-abiding citizen, the trial court properly refused to instruct as to such traits.

[2] ID.—FAILURE TO REQUEST INSTRUCTIONS—EVIDENCE—APPEAL.—In such prosecution, there being testimony, but ' no instruction requested, upon the trait of honesty, defendant cannot complain on appeal that the trial court did not give such an instruction.

[3] ID.—INSTRUCTION OBJECTIONABLE IN PART—REJECTION OF WHOLE. If any part of a single instruction should not have been given, the action of the court in rejecting the whole will be affirmed.

[4] ID.—REPUTATION—INSTRUCTIONS—AMENDMENTS.—In such prosecution, where defendant, who had introduced character witnesses to testify to his good reputation for truth, honesty, and integrity, requested an instruction that the jury should consider his reputation as to peace, quiet, and as a law-abiding citizen, concerning which no testimony had been offered, the trial court was under no obligation to amend the instructions by striking out the reference to the latter traits and substitute therefor the traits concerning which testimony had been offered.

(1) 16 C. J., p. 979, n. 80. (2) 17 C. J., p. 66, n. 15. (3) 16 C. J., p. 1066, n. 89. (4) 16 C. J., p. 1068, n. 98.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Praul for Respondent.

2. See 22 Cal. Jur. 883.
3. See 8 Cal. Jur. 316.

THOMPSON, J. — The defendant was convicted of the crime of robbery. Judgment was pronounced upon the verdict and a motion for a new trial of the action was denied. From the judgment and the order defendant prosecutes this appeal.

[1] During the trial of the action the defendant called three witnesses who testified that his general reputation for truth, honesty, and integrity was good. The defendant requested the following instruction, which the court refused to give: "You are instructed that in all criminal cases the law permits the defendant to introduce evidence concerning his good reputation upon the points of character involved in the special case under consideration; and in this case the law permits the defendant to introduce evidence of his good character as to peace, quiet and as a law-abiding citizen; and you are instructed that if such good character has been satisfactorily shown, it is a fact which must be taken into consideration in determining the guilt or innocence of the defendant, and you are instructed that the reputation of the defendant, in the respect above indicated, may of itself be sufficient to create such reasonable doubt as to his guilt, that you should give him the benefit of the doubt and acquit him." It has been held in *People* v. *Chrisman*, 135 Cal. 282 [67 Pac. 136], that character or reputation for honesty is the trait involved in a charge of larceny and we think it is one of the traits involved in the charge of robbery. It will be noted, however, that the instruction here proposed by the defendant assumed that some testimony had been introduced relative to the reputation of the defendant "as to peace, quiet and as a law-abiding citizen" and that the instruction touched only upon these traits and not upon the trait of honesty. There being no testimony concerning the defendat's character as to peace, quiet, and as a law-abiding citizen, the court properly refused to give the instruction. [2] There being no instruction requested upon the trait of honesty, the appellant cannot now complain that the court did not give such an instruction. (*People* v. *Haun*, 44 Cal. 96; *People* v. *Ah Wee*, 48 Cal. 236; *People* v. *Gray*, 66 Cal. 277 [5 Pac. 240]; *People* v. *Olsen*, 80 Cal. 128 [22 Pac. 125]; *People* v. *Balkwell*, 143 Cal. 260 [76 Pac. 1017]; *People* v. *Lips*, 59 Cal. App. 381 [211 Pac. 22]; *People* v. *Golsh*, 63 Cal. App.

609 [219 Pac. 456].)  **[3]**  In the last-mentioned case this court, speaking through Mr. Presiding Justice Finlayson, says: "The rule is that if any part of a single instruction should not have been given the action of the court in rejecting the whole will be affirmed." (Citing *People* v. *Davis*, 64 Cal. 440 [1 Pac. 889].)  The same was announced in *People* v. *Lips, supra.*  **[4]**  If, therefore, we view the refusal to give the present instruction not as a failure to instruct upon a proposition concerning which no instruction was asked, but as a failure to give an instruction requested, the last two cases are authorities for the rule that the court was under no obligation to amend by striking out the traits concerning which no testimony was offered and substituting in place thereof a trait concerning which testimony was offered.

The judgment and order appealed from are affirmed.

Works, P. J., and Craig, J., concurred.