[Crim. No. 1459. Second Appellate District, Division One.—April 30, 1927.]

THE PEOPLE, Respondent, v. MOCK MING FAT et al., Appellants.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—INSTRUCTIONS—ASSAULT WITH DEADLY WEAPON.—In a prosecution for assault with intent to commit murder, defendants were entitled to a requested instruction to the effect that if the jury believed defendants' evidence they might bring in a verdict of assault with a deadly weapon under section 1159 of the Penal Code, where there was evidence upon which conviction of the lesser offense might be based, notwithstanding the fact that the jury resolved the issue of self-defense against defendants, and notwithstanding subdivision 1 of section 1962 of the Code of Civil Procedure, to the effect that the deliberate commission of an unlawful act for the purpose of injuring another raises a conclusive presumption that such act was done with a malicious and guilty intent.

[2] ID. — ACTS KNOWINGLY DONE — INTENT — PRESUMPTIONS. — Under subdivision 1 of section 1962 of the Code of Civil Procedure, which provides that the deliberate commission of an unlawful act for the purpose of injuring another raises a conclusive presumption that such act was done with a guilty and malicious intent, it is only when the intent is not made an affirmative element of the crime

---

1. See 3 Cal. Jur. 224.
2. See 7 Cal. Jur. 852.

that the law presumes that the act, if knowingly done, was done with criminal intent.

[3] Id.—Intent—Elements of Offense—Question of Fact—Evidence.—When specific intent is an element of the offense, it presents a question of fact which must be proved like any other fact in the case.

[4] Id.—Instructions—Clerical Errors—Duty of Court to Modify. In this prosecution for assault with intent to commit murder, the trial court was not justified, under sections 1093 and 1127 of the Penal Code, in refusing a requested instruction on assault with a deadly weapon, to which defendants were entitled under the evidence, because the requested instruction, due to a clerical error, referred to the complaining witness by mistake instead of to one of the defendants, but under such circumstances it was the duty of the trial court to modify the requested instruction.

[5] Id.—Improper Refusal of Instructions—Constitutional Law—Appeal.—In such prosecution, where the trial court refused an instruction on assault with a deadly weapon, to which defendants were entitled under the evidence, and where from all the evidence the appellate court cannot say that if the rejected instruction had been given the jury would have returned a verdict that defendants were guilty of an assault with intent to commit murder rather than an assault with a deadly weapon, the provisions of section 4½ of article VI of the constitution do not justify an affirmance.

---

(1) 30 C. J., p. 419, n. 14.  (2) 16 C. J., p. 81, n. 53.  (3) 16 C. J., p. 80, n. 45, p. 81, n. 61.  (4) 16 C. J., p. 1068, n. 99.  (5) 17 C. J., p. 369, n. 6.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

W. P. Butcher, Jr., for Appellants.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

McLUCAS, J., *pro tem.*—Appellants were found guilty of the crime of assault with intent to commit murder.

---

3. Necessity of proving intent not made element of offense by statutes, note, Ann. Cas. 1914D, 181. See, also, 3 Cal. Jur. 223; 7 Cal. Jur. 854; 8 Cal. Jur. 26, 341; 8 R. C. L. 62.

5. See 8 Cal. Jur. 601.

This case presents but a single question on appeal. Appellants assign as error the refusal of the trial court to give the following instruction: "If you believe from the evidence that defendants, or any of them, did not commit an assault upon the person of Yee Moon with a deadly weapon, with intent to commit murder, and if you believe from the evidence that defendants, or any of them, did commit an assault upon Yee Moon with a deadly weapon without the intent to commit murder, then it is your duty to find the said Yee Moon guilty of an assault with a deadly weapon." It appears from the evidence that on the nineteenth day of August, 1926, a "state of war" existed between certain Chinese tongs, the Hop Sing Tong and Bing Kong Tong; that Yee Moon, the complaining witness, knowing that the defendants were driving an automobile through Santa Barbara, armed himself with a revolver, left the headquarters of the Hop Sing Tong in said city, and proceeded in his automobile to a point in the streets of Santa Barbara, where shooting commenced between the defendants and the prosecuting witness. The testimony is in conflict as to whether the defendants or the prosecuting witness first started shooting. The defense was that the defendants fired in self-defense and to protect themselves. One of the defendants, Quang Shick, testified that in firing at the complaining witness he did not intend to kill him. The jury resolved the issue of self-defense in favor of the prosecution. Defendants contend that the trial court erred prejudicially in refusing to give the requested instruction in that the evidence of the defendants, if believed by the jury, would justify a verdict of an assault with a deadly weapon, that being an offense necessarily included within the charge of an assault with intent to commit murder.

[1] We believe the position of defendants to be correct. Defendants were entitled to the requested instruction where there was evidence upon which a conviction of the lesser offense might be based. Section 1159 of the Penal Code provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of any attempt to commit the offense." The charge of assault with a deadly weapon is necessarily included within the charge of assault with a deadly weapon with intent to commit murder. The sugges-

tion of the respondent that the refusal of the court to give the requested instruction was proper, because the crime was the greater one or none at all, is without merit, since here an assault with a deadly weapon is directly charged, and if no assault with a deadly weapon was made the higher offense could not be committed. (*People* v. *Demasters,* 105 Cal. 670 [39 Pac. 35].) And this is true, notwithstanding the fact that the jury resolved the issue of self-defense against the defendants. It was possible for the jury not to accept the plea of self-defense, and yet to believe the testimony of Quang Shick that he fired without intent to hit the complaining witness. Under such circumstances the jury had no opportunity to bring in a verdict of assault with a deadly weapon, as it might have done had the case been submitted under proper instructions. (*People* v. *Maciel,* 71 Cal. App. 213 [234 Pac. 877].) In *People* v. *Griffith,* 146 Cal. 339 [80 Pac. 68], it was held that an instruction such as requested in the instant case was properly given. Neither are these views overcome by the provisions of subdivision 1 of section 1962 of the Code of Civil Procedure to the effect that the deliberate commission of an unlawful act for the purpose of injuring another raises a conclusive presumption that such act was done with a malicious and guilty intent. In *Davis* v. *Hearst,* 160 Cal. 143 [116 Pac. 530], it was held that before this presumption arises, the jury has to find as to facts, (1) the commission of an unlawful act; (2) that its commission was deliberate; and (3) that it was committed with the deliberate purpose of injuring another. In *People* v. *Maciel, supra,* the trial court instructed the jury that "when the act committed by the accused is of itself an unlawful act, the law, in the first instance, presumes the criminal intent, and the burden of proof falls upon the defendant to show the absence of criminal intent." But it was held that the giving of this instruction was prejudicial for the reason that the instruction was broad enough to include the presumption that defendant not only intended to discharge his pistol, but that he discharged it with the specific intent to commit murder, and that the burden was on him to show the absence of such specific intent. [2] It is only when the intent is not made an affirmative element of the crime that the law presumes that the act, if knowingly done, was done with criminal intent. [3] When specific in-

tent is an element of the offense, it presents a question of fact which must be proved like any other fact in the case. (*People* v. *Maciel, supra.*)

[4]  At the time of oral argument our attention was called to a clerical error in the above instruction in that the instruction charges the jury under the circumstances given "to find the said Yee Moon guilty of an assault with a deadly weapon." Yee Moon was the prosecuting witness, and the name of Mock Ming Fat, the defendant, should have been used instead of Yee Moon. As already stated, it is evident that this error was purely clerical. If the instruction had been given as requested, we do not see how the jury could have failed to understand that the instruction applied only to the defendant Mock Ming Fat, who was on trial, and not to Yee Moon, the prosecuting witness. In fact, the error was not discovered by counsel for respondent at the time of the filing of the original briefs and was first mentioned at the time of oral argument. Respondent cites the case of *People* v. *Smith,* 81 Cal. App. 126 [251 Pac. 958], as authority for the rule that if any part of a single instruction should not have been given, the action of the court in refusing the whole will be affirmed. In that case there was no testimony to support the requested instruction. In the case at bar there was testimony that the shots were fired without intent to kill. Moreover, in the instant case the attention of the trial court was called to the issue of a lesser or included offense by the subject matter of the requested instruction and by the *voir dire* examination of jurors. Under such circumstances it was the duty of the trial court to modify the requested instruction. When a man's liberty is at stake, and with such a condition of evidence as is here exhibited, the court is not justified in refusing to instruct at all upon the paramount and vital question in the case simply because a particular form of instruction asked by counsel may be refused. (*People* v. *Tapia,* 131 Cal. 653 [63 Pac. 1001] ; *People* v. *Frey,* 165 Cal. 140, [131 Pac. 127].) Sections 1093 and 1127 of the Penal Code provide that the court in charging a jury must state to them "all matters of law necessary for their information," and must charge "on any points pertinent to the issue, if requested by either party." In the present case the defendants certainly requested an instruction on a point

clearly and paramountly "pertinent to the issue"; and considering the peculiar circumstances of the case we do not think the court was justified in ignoring the point entirely on account of the form in which the requested instruction was made. (*People* v. *Tapia, supra.*) In *People* v. *Demasters, supra,* an instruction was requested orally after the argument had been concluded; yet it was held error to refuse the instruction, it being one usually given by courts of their own motion. In the present case the requested instruction was submitted in writing before the argument of counsel, and the nature of the instruction was one usually given by the courts of their own motion. In *State* v. *Hyams,* 64 Utah, 285 [230 Pac. 349], it is said: " . . . courts, we think, without exception, have held that, where the accused is charged with a greater offense, he is nevertheless entitled to an instruction that the jury may convict him of a lesser offense if included within the greater; that is, he may be found guilty of simple assault, or assault and battery, unless the evidence is of such character as will necessarily require a finding that the greater offense was committed by him, . . . " In *Watkins* v. *State* (Okl. Cr.) [218 Pac. 895], where the charge was assault with intent to kill, it was held that an instruction as to assault with a deadly weapon without intent to kill should have been given; the court saying: "Where the evidence raises an issue as to different degrees of a crime or of an included offense, all of the issues so raised should be submitted to the jury." To the same effect is *Windle* v. *State,* 102 Ohio, 439 [132 N. E. 22]. Respondent claims that the instruction as requested would eliminate from the jury the question as to whether the assault was justified or excusable. We cannot agree with this contention, as the court otherwise instructed the jury fully on self-defense. Had the requested instruction been given, the jury could not have been misled by the instructions taken as a whole.

[5] For the reasons stated, we cannot say, after a consideration of the entire evidence, that if the instruction had been given as requested, the jury would have returned a verdict that the defendants were guilty of an assault with intent to commit murder rather than an assault with a deadly weapon. Therefore, the provisions of section 4½

of article VI of the constitution do not justify an affirmance in this case.

It is ordered that the judgment be reversed and the cause remanded for a new trial.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 27, 1927.