[Crim. No. 1651. First Appellate District, Division Two.—April 25, 1932.]

THE PEOPLE, Respondent, v. FRANK CICERELLI, Appellant.

Nathan G. Gray for Appellant.

U. S. Webb, Attorney-General, and Siebert R. Sefton for Respondent.

NOURSE, P. J.—Defendant was tried before a jury upon an information charging an assault with intent to commit rape and of a violation of section 448a of the Penal Code. He was found guilty of the first charge and not guilty of the second.

Two points are raised on the appeal: The sufficiency of the evidence to sustain the verdict of guilty and the refusal of the trial court to give the proposed instruction covering lesser offenses. ▮ The evidence is meager and is not in substantial conflict. Appellant and the prosecutrix were employed in a workroom adjoining a small factory in the city of Oakland; on the day specified in the information they took their lunches together and both consumed a considerable quantity of wine; a struggle ensued, during which appellant struck the prosecutrix on the jaw and both parties fell to the floor, where the proprietor of the factory discovered them—the appellant sitting astride the prosecutrix and tearing at her underclothing, while the prosecutrix had both hands locked in appellant's hair. This witness ordered the appellant to leave the girl alone and the appellant thereupon set upon the witness and some blows were struck. The only conflict in the evidence is in the explanations of the two participants in the assault charged—the prosecutrix testified that she seized appellant's hair for the purpose of forcing him to stop pulling down her underclothes; the appellant testified he pulled her underclothes only to force her to stop pulling his hair. Under the state of the evidence the jury might reject appellant's explanation of the occurrence and imply the unlawful intent necessary to support the verdict.

▮ However, the evidence was such that the jury might well have found the appellant guilty of simple assault, and he requested the trial court to instruct the jury to that effect. The proposed instruction was refused and this is assigned as error. The law applicable to the point is found in section 1159 of the Penal Code. (*People* v. *Demasters*, 105 Cal. 669, 673 [39 Pac. 35]; *People* v. *Mock Ming Fat*, 82 Cal. App. 618, 620 [256 Pac. 270]; *People* v. *Foss*, 85 Cal. App. 269, 272 [259 Pac. 123].)

The state's answer that the proposed instruction was not proper because appellant could have been convicted of the

assault charged and no other is not supported by the evidence. This disclosed that the parties were engaged in a brawl induced by the use of too much liquor. The jury could have found appellant guilty of simple assault because of the admitted striking of the girl, and if it had accepted appellant's testimony that he had no intention of having sexual intercourse, a verdict of simple assault would have been the proper verdict to return.

The judgment is reversed with directions for a new trial.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal · on May 10, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1932.