## PEOPLE v. STEVENTON.

An indictment for murder which charges, at a time and place mentioned, defendant feloniously assaulted, cut and stabbed the deceased, and inflicted on him one mortal wound, of which mortal wound he on the same day died, is sufficient. A description of the weapon used is not material. An objection that the indictment does not state the length and depth of the wound, nor in what part of the body it was inflicted, goes to the form rather than the substance of the indictment.

The facts necessary to constitute the crime of murder are, that a wound was inflicted with a felonious intent, that the wound was mortal, and that death ensued from the effects of the wound within a year and a day.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

The defendant and one William Leversage, were indicted for the crime of murder. The allegation in the indictment of the offence is as follows:

" The said William Leversage and Samuel Steventon, on the thirtieth day of November, A. D. 1857, at the county of Amador and State of California, in and upon one Abraham Hostetter,

feloniously, willfully, and of their malice aforethought, did make an assault, and did then and there feloniously, willfully, and of their malice aforethought, cut, stab, and wound him, the said Abraham Hostetter; and did then and there give him, the said Abraham Hostetter, one mortal wound, of which said mortal wound the said Abraham Hostetter afterwards, on the thirtieth day of November, A. D. 1857, did die. So the grand jurors aforesaid, upon their oaths, do say that William Leversage and Samuel Steventon, on the thirtieth day of November, A. D. 1857, at the county of Amador and State of California, feloniously, willfully, and of their malice aforethought, did kill and murder the said Abraham Hostetter," etc.

To this indictment the defendant Steventon, by his counsel, demurred on the following grounds:

1. It does not substantially conform to the requirements of sections two hundred and thirty-seven and two hundred and thirty-eight of the Act to Regulate Proceedings in Criminal Cases.

2. The indictment is not direct and certain, as regards the circumstances of the offence charged.

3. The facts stated do not constitute a public offence.

The demurrer was overruled, and the defendant, Steventon, tried and found guilty of murder in the first degree, and judgment was entered accordingly. Steventon's counsel then moved in arrest of judgment, which motion was also denied. Thereupon the defendant appealed to this Court.

*Smith & Hardy* for Appellant.

The Court erred in overruling the defendant's demurrer.

1. The indictment does not state or describe the weapon with which the defendant cut the deceased.

2. The indictment does not state the part of the body upon which the wounds were inflicted.

3. The indictment does not show that the deceased died of the wounds so inflicted in this State, nor does it show when he did die.

The Court erred in overruling the motion made by defendant in arrest of judgment. See The People *v.* Jacinto Arro, 6 Cal., 207; The People *v.* Cox, 8 Cal., Jan. Term; The People *v.* Wallace, 8 Cal., Jan. Term.

*Attorney-General* for Respondent.

TERRY, C. J., delivered the opinion of the Court—FIELD J., concurring.

The objections to the indictment are not sustained by the authorities cited.

It is alleged that the defendant at a time and place mentioned, feloniously assaulted, cut, and stabbed the deceased, and inflicted

on him one mortal wound, of which mortal wound, he on the same day died; this, we think, is a sufficient statement of the facts constituting the offence.

The omission to describe the weapon used is not material. Though it is usual to name some weapon, the prosecution is never held to prove the killing by the weapon charged. It is sufficient if it is proven to have been done with any other weapon capable of producing death, in the same manner as the instrument named in the indictment. (Wharton, 412.)

In New York, the rule has been carried further. In The People v. Colt, (3 Hill, 436,) under an indictment charging the murder to have been committed by cutting and stabbing with some instrument to the jurors unknown, proof was admitted, tending to show that the death was caused by a pistol-shot.

The objection that the indictment does not state the length and depth of the wound, nor in what part of the body it was inflicted, goes to the form rather than the substance of the indictment. Formerly, at common law, such a description was held to be necessary, though it was not necessary that it should be proven as charged, but in later cases this rule has been changed.

In the case of Rix v. Masley, (2 British C. C., 102,) a motion in arrest of judgment was made, on the ground that the indictment contained no sufficient description of the wounds from the effect of which it was said the death ensued.

Counsel contended that it was necessary to describe the particular parts of the body on which the wounds are alleged to be, and the facts should, according to ancient forms, be so stated that you might place your finger on the part of the body where the wounds are described to be, and that this was still requisite, though a conviction may take place on evidence varying from it. The case was reserved for argument before all the Judges, and it was held, that "as common sense did not require the statement of these particulars, and as the statement, if introduced, need not be proven, it was unnecessary." This doctrine was re-affirmed in the case of Rex v. Tomlinson, (25 Eng. Com. Law R., 442.)

The "facts necessary to constitute the crime" of murder are, that a wound is inflicted with a felonious intent, that it is mortal, and that death ensued from the effects of the wound within a year and a day after its infliction. (See People v. Arro, 7 Cal.)

Judgment affirmed, and the Court below is directed to fix a day to carry its sentence into execution.