## THE PEOPLE v. JUDD et als.

Where an indictment charged the defendants with the crime of murder, committed by them, at a designated place and upon a designated day, by "shooting and wounding" the deceased through the body, with a leaden bullet, discharged from a rifle, of which wound the deceased "then and there died :" *Held*, that it was not necessary to state in the indictment on what part of the body of the deceased the wound was inflicted, and that the indictment contained a sufficient statement that the wound was mortal.

APPEAL from the District Court of the Eighth Judicial District, County of Del Norte.

The indictment in this case is as follows:

"*The People of the State of California* v. *William Judd, Eli Judd, and ——— Walker.—State of California: In the Court of Sessions of the County of Del Norte—Special Term, A. D. 1858.—* The grand jury of the county of Del Norte, by this indictment, accuse William Judd, Eli Judd, and ——— Walker, the defendants, of the crime of murder, committed as follows:

"The said William Judd, Eli Judd, and ——— Walker, on the second day of September, A. D. 1857, at the county of Del Norte, and State aforesaid, near the public house known as 'Elk Camp,' on the trail leading from the town of Crescent City to Sailor Diggings, did unlawfully, feloniously, and with malice aforethought, kill and murder one Max Rothenheim, by shooting and wounding him, the said Rothenheim, through the body with a leaden bullet, discharged from a rifle-gun, which gun was then and there in the hands of the said William Judd, and maliciously, feloniously, and willfully, fired at the said Max Rothenheim, by him, the said William Judd, and wounding him, the said Max Rothenheim, as aforesaid, of which wound he then and there died; and the said Eli Judd and ——— Walker were then and

there present, aiding, abetting, and assisting the said William Judd in the perpetration of said murder—all of which was done in violation of the law of the land, and against the peace and dignity of the people of the State of California.

"J. P. HAYNES, District-Attorney Del Norte Co."

This indictment was certified from the Court of Sessions to the District Court of the Eighth Judicial District, in and for said county of Del Norte. The defendants demurred to the indictment on the following grounds :

"1. Because the facts constituting the said alleged offence are not therein set forth with sufficient certainty to enable them to know what is therein intended to be proved against them.

"2. Because the facts therein stated do not constitute the offence of murder, nor do they constitute a felony:

"*First*—It is not stated in said indictment on what part of the body of said Rothenheim the alleged wound was inflicted.

"*Second*—There is no statement therein of the manner of the infliction of said wound, as it does not appear that the rifle-gun was loaded, or that the person of Rothenheim was in fact hit, or that the missile ' did strike ' (*percussit*) the deceased.

"*Third*—It is not alleged therein that the said wound was mortal."

The Court sustained the demurrer, on the ground that the indictment does not state in what part of the body of the deceased the wound was inflicted, and that it is not alleged in the indictment that the wound was mortal.

From the judgment sustaining the demurrer, the People appealed.

*Attorney-General* for Appellant.

*Preston & Preston* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The defendants were indicted for the crime of murder, alleged to have been committed by them on the second of September, 1857, by "shooting and wounding" one Rothenheim through the body with a leaden bullet, discharged from a rifle, " of which wound he then and there died." To the indictment the defendants demurred, on several grounds, but relied upon two : *first*, that it does not state on what part of the body of the deceased the wound was inflicted; and, *second*, that it does not allege the wound was mortal. The Court sustained the demurrer, and the People appealed.

The first ground relied upon is answered by the decision of this Court in the case of The People v. Steventon, (9 Cal., 273,)

where it was held that the objection taken goes to the form rather than to the substance of the indictment.

The second ground relied upon is frivolous.  The allegation that the deceased at the time died of the wound inflicted, is a sufficient statement that the wound was mortal.

The judgment sustaining the demurrer is reversed, and the cause remanded, with directions to the Court below to proceed and try the defendants upon the indictment.