[No. 20611.  In Bank. — May 3, 1890.]

THE PEOPLE, RESPONDENT, v. JAMES FERRY, AP-
PELLANT.

CRIMINAL LAW — INSTRUCTIONS — REASONABLE DOUBT — NEAR APPROACH TO
    ABSOLUTE CONVICTION — SERIOUS BELIEF OF GUILT. — It is not error to
    instruct the jury in a criminal case, in connection with the subject of
    reasonable doubt, that their opinion of the guilt of the defendant must
    nearly approach absolute conviction, to justify a verdict of guilty; but
    it is error to instruct the jury that the defendant is entitled to an ac-
    quittal, "unless they *seriously believe* he is guilty," such qualifying clause
    being too ambiguous, doubtful, and uncertain in its import to be clearly
    consistent with the rule that the evidence must satisfy the jury of the
    guilt of the defendant to a moral certainty, and beyond a reasonable
    doubt.
ID. — TESTIMONY OF PERSONS ACCUSED OF CRIME — INSTRUCTIONS. — In a
    criminal case, where the defendant has testified to his own innocence,
    and another person arrested for the same offense, who has confessed his
    own guilt, has testified that the defendant took no part in the offense,
    an instruction stating the former rule, which excluded the testimony of
    persons accused of crime, and the ground of such exclusion, but that the
    modern notion is the other way; that they have a right to be heard, and
    *to have proper weight given to their testimony*, and no more, but that
    they do not stand in the same position as a witness who is entirely dis-
    interested; that the time has not yet come when men who confess them-
    selves guilty of crime are to stand alongside of and made equal to men
    who have lived upright and honest lives, but that the value of their tes-
    timony is to be entirely estimated by the jury, — is not erroneous,
    though just on the verge of error.
ID. — INSTRUCTION CITED IN ASSIGNMENTS OF ERROR — DISAGREEMENT WITH
    CHARGE SET OUT IN BILL OF EXCEPTIONS. — As a general rule, when an
    instruction cited in the assignments of error differs from the charge as
    particularly set forth in the bill of exceptions, the charge as set forth in
    the body of the bill should control; for although the assignments of
    error constitute a part of the bill, and the whole bill is authenticated by
    the signature of the judge, it will not be presumed that his attention was
    called to an inconsistency between the charge as set out in the bill and
    a portion of it cited in the assignment of error.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco, and from an
order denying a new trial.

The following is the last assignment of error referred
to in the opinion: —

"The court erred in giving the following instruction:

Formerly, a man interested in a case, civil or criminal, was not allowed to testify at all. The experience of the world seemed to demonstrate satisfactorily to the law-makers that a man who was interested directly, even where money only was involved, ought not to be heard, and especially that criminals, persons charged with crime, ought not to be heard at all. But the modern notion is the other way. They have a right to be heard, and have their testimony submitted to the consideration of twelve men, who are supposed, from their experience in the affairs of mankind, to give it proper weight, and no more; but they do not stand in the same position as a witness who is entirely disinterested. The time has not yet come when men who confess themselves guilty of crime are to stand alongside of and made equal to men who have lived upright and honest lives. But the value of their testimony is to be entirely estimated by you. If you believe it, there is an end of the prosecution. If you do not believe it, you must consider they are guilty."

The same instruction as set forth in the body of the bill of exceptions does not contain the last two sentences above cited, but concludes as follows: "The verdict must either be 'guilty' or 'not guilty.'" The bill of exceptions shows that the defendant testified to his own innocence, and that another person, arrested for the same robbery, who acknowledged his own participation in the offense, testified that the defendant took no part in it. Further facts are stated in the opinion of the court.

*John Flournoy*, for Appellant.

*Attorney-General Johnson*, for Respondent.

Thornton, J. — The defendant was accused, by information, of the crime of robbery, was convicted, and prosecutes this appeal to this court from the judgment and from an order denying his motion for a new trial. Several questions are made on the charge; among others,

on this portion: "You must be satisfied beyond a reasonable doubt. What a reasonable doubt is depends upon definition. It must be such doubt as nearly approaches conviction. I mean, the opinion of his guilt must nearly approach what is called absolute conviction. It must approach it nearly; but if it satisfies you to that extent so that you can settle back upon the consideration of the man's guilt, and believe the guilt under a rational examination of the testimony, your mind recurs back to that conclusion, that he is guilty, and abides there,— that is sufficient to satisfy you. It is not necessary for me to comment about the value of this testimony or that testimony; nor upon the fact that your town is infested by villains,— it may be so, it may not be so, so far as we know here; nor to instruct you that this class of offenses ought to be punished; they ought to be punished, when they are proved, gentlemen, to your entire satisfaction; and if not so proved, whatever suspicion there may be, he is entitled to an acquittal, unless you seriously believe he is guilty."

It is provided by section 1096 of the Penal Code that "a defendant in a criminal action is presumed to be innocent until the contrary is proved; and in case of a reasonable *doubt* whether his guilt is satisfactorily shown, he is entitled to an acquittal."

By section 2061, subdivision 5, of the Code of Civil Procedure, it is provided: "That in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory, the decision must be made according to the preponderance of evidence; that in criminal cases guilt must be established beyond reasonable doubt."

We premise what we have to say on this assignment with the remark that we consider the sentence, "It [referring to reasonable doubt] must be such doubt as nearly approaches conviction," as withdrawn from the charge by the next sentence, which is, "I mean, the

opinion of his guilt must nearly approach what is called absolute conviction."

The law does not justify a jury in convicting a defendant of a felony without being convinced of his guilt. There must be a conviction of guilt before there can be a conviction of defendant.

It is not sufficient that it should approach conviction; there must be a conviction of guilt in the minds of the jury to justify a verdict affirming guilt It is said in the charge, it must approach "*absolute conviction.*" Is there any difference between conviction and "absolute conviction"? Do they mean the same thing? The word "*absolute*" came originally from the Latin, and means to "loose from." ˙Webster gives many meanings to the word; as, *inter alia*, " completed, or regarded as complete, finished, perfect, total; as *absolute* perfection,. *absolute* beauty"; " 2. Freed or loosed from any limitation or condition, uncontrolled, unconditional"; "3. Positive, clear, certain"; "6. Unconditioned, unrelated." We think there is a difference, and that absolute conviction means conviction beyond a possibility of doubt, which the law does not require a jury to attain to to render a verdict. against a defendant. It is said in *People* v. *Padillia*, 42 Cal. 540: "The truth of any fact which is to be proven by evidence cannot be established beyond the possibility of a doubt, and yet the jury may be entirely satisfied of its truth." Certainly, if it can or cannot be established beyond the possibility of a doubt, it need not be so established, in order to justify a verdict of guilty against a defendant.

In this connection may be noted the remarks on import of word " absolute " in *People* v. *Davis*, 64 Cal. 440, in which case it was held "that absolute moral certainty was a greater degree of certainty than moral certainty."

In *People* v. *Strong*, 30 Cal. 154, an instruction asked by defendant on the point of reasonable doubt, or one cognate, containing the words "absolute moral cer-

tainty," was said to be *substantially and almost literally* in the language of the books which treat of the subject, referring to Burrill on Circumstantial Evidence, 181, 182, and to 1 Starkie on Evidence, 482, 483, 510. In this the court probably went too far; but as the instruction was given at defendant's request, it furnished no ground for reversal. In Davis's case it was asked by defendant, and the court held the refusal proper, on the ground above stated.

There was no error, then, in the direction to the jury that their opinion must approach absolute certainty; that is, a conviction so perfect, complete, and unconditioned as to exclude the possibility of a doubt.

Now, we cannot say but that the remainder of the charge on this point, taken together, down to and including the words "entire satisfaction," presented the law fairly to the jury.

Adverting now to the last clause of the charge on this point, that is in these words, "and if not so proved, whatever suspicion there may be, he is entitled to an acquittal, unless you seriously believe he is guilty," this must be connected with what precedes it. The jury had just been told "they [referring to the class of offenses for one of which the defendant was on trial] ought to be punished when they are proved, gentlemen, to your entire satisfaction." Then follows the last clause.

The jury was told, in effect, that the guilt of the accused must be proved to your entire satisfaction, unless you seriously believe he is guilty.

If this means that the jury was authorized to convict the prisoner on evidence which did not prove his guilt to their entire satisfaction, then the direction is an error. If it required more than such evidence, it is also an error.

Can it be affirmed of these words that the latter portion did not require more or less than was legally requisite?

The word "*seriously*," in its connection, is at least of

doubtful import. It may mean more or less evidence than that indicated by the words "proved to your entire satisfaction." Take the word "*seriously*" in any of the meanings attributed to it by lexicographers, it leaves its signification in its connection here ambiguous and doubtful. (See Webster's, Stormonth's and Imperial dictionaries.)

How would a jury construe these words? Could they not justly say, "If we gravely, or earnestly, or solemnly believe the accused guilty, we can so adjudge him, although he is not proved guilty,—although the testimony does not establish his guilt to our entire satisfaction?"

The words used, in our opinion, may be justly so construed.

We are therefore of opinion that the qualifying clause above cited sets forth to the jury a criterion too doubtful and uncertain for them to act on in passing on the liberty of the citizen, and not clearly conveying a meaning in accord with the rule laid down in our law, that the evidence shall satisfy the jury of the guilt of the defendant to a moral certainty, and beyond a reasonable doubt.

We are satisfied that the instruction in the record thus pointed out is erroneous.

The last assignment of error relates to a portion of the charge which though, in our judgment, just on the verge of error, yet should not be held erroneous. The other assignments of error are not well taken. Two sentences appear in the assignment of this error, at the end of what is set forth in it as a portion of this charge of the court, which are not a portion of the charge. The charge is given *verbatim* in an antecedent portion of the bill of exceptions. No such sentences appear in the charge as it is thus inserted. In considering the last assignment of error, we do not consider these two sentences. We are not certified that the jury was directed as stated in the sentences referred to. In fact the proper

construction of the bill of exceptions compels this course. Although assignments of error constitute a part of the bill, and the whole bill is authenticated by the signature of the judge, yet it would be unfair to hold that these words in the assignment were seen by him, when in that portion of the bill where the charge appears no such words are found. It might be expected that the judge would examine the bill to see that the charge was correctly given, and finding it so would conclude that the assignments of error were in accord therewith. A judge would rarely under such circumstances examine the assignments of error to see if they accorded with his charge. As a general rule, when the assignments of error differ from the charge as particularly set forth in a bill of exceptions, the charge as set forth should control.

For the error above pointed out, the judgment is reversed, and the cause remanded, that a new trial may be had.

So ordered.

McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., and FOX, J., concurred.

PATERSON, J., concurred in the judgment.