EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* SEVERO RODRÍGUEZ, P. I., acusado y apelado.

No. 4888.—*Sometido:* Enero 11, 1933. *Resuelto:* Febrero 23, 1933.

R. A. *Gómez, Fiscal,* abogado de El Pueblo, apelante; R. A. *Arroyo Ríos* y J. *Valldejuli,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Humacao formuló acusación contra Severo Rodríguez, policía insular, por una infracción al artículo 138 del Código Penal (*misdemeanor*) consistente en haber, ilegal y maliciosamente, so color de autoridad y sin motivo justificado para ello, acometido y agredido con una macana al ciudadano Angel Berberena, en el pueblo de Las Piedras y en la noche del 16 de agosto de 1931, causándole lesiones de carácter grave en la cabeza.

La acusación termina así:

"(Fdo.) Luis Campillo, Fiscal del Distrito.—Jurada y firmada ante mí, hoy 29 de Oct. de 1931.—(Fdo.) A. Ramírez Jr., Secretario Corte de Distrito."

Muestra el récord que la causa se tramitó como sigue:

"Hoy 21 de nóviembre de 1931, se llamó este caso para la lectura de la acusación y comparecieron El Pueblo de Puerto Rico por su Fiscal y el acusado en persona y representado por su abogado R. A. Arroyo. Leída la acusación entregándosele copia al acusado, éste hizo la alegación de inocente y solicitó juicio por jurado. La Corte así lo acordó reservándose señalar fecha para el juicio."

Luego, en junio del año siguiente, aparece la sentencia que dice:

"A petición de la Defensa y por no aparecer que la acusación en este caso fuera presentada en Corte abierta, conforme lo requieren los artículos 3 y 69 del Código de Enjuiciamiento Criminal, la Corte ordena el archivo y sobreseimiento de este caso y la cancelación de la fianza prestada por el acusado para su libertad provisional, con las costas de oficio."

No conforme el fiscal, interpuso el presente recurso de apelación, señalando en su alegato la comisión de cuatro errores que pueden estudiarse conjuntamente ya que sólo existe una sola cuestión fundamental a investigar y resolver, la de si las acusaciones que formulan los fiscales en Puerto Rico tienen necesariamente que ser presentadas en Corte abierta.

■■ Argumentando su caso el fiscal sostiene:

"Primero: Que existe una gran diferencia a los efectos de la cuestión que debatimos entre 'indictment' e 'information'. 'Indictment' es la acusación encontrada y traída por un gran jurado; mientras que 'information' es la formulada y traída por el Attorney General o sus delegados fiscales.

"Segundo: El 'indictment' debe ser radicado y presentado en corte abierta por el mismo gran jurado que lo trajo y a su presencia así como dentro del término en que fué encontrado.

"Tercero: El 'information' por el contrario no tiene que ser presentado a la corte *en corte abierta* por el Attorney General o Fiscal que lo formuló. Basta con que la radique con el secretario de la corte, constituyendo dicha radicación con el secretario el 'presentment' (presentación de la acusación), y ni aún es necesario que la corte esté trabajando; puede radicarse con el secretario aún no estando la corte en sesión."

Examinemos los preceptos legales en que basó su sentencia la corte de distrito, a saber, los artículos 69 y 3 del Código de Enjuiciamiento Criminal.

El 69 en español, dice:

"Cuando la acusación ha sido presentada se denominará 'presentación del cargo' (*'presentment'*) y deberá ser presentada al tribunal y archivada por el secretario del mismo."

Y en inglés es como sigue:

"The information when filed shall be known as the presentment, and must be presented to the court and be filed with the clerk thereof."

A nuestro juicio ese precepto legal por sí solo no exige que la acusación sea presentada en sesión pública, bastando que se entregue al Secretario y éste la radique, continuando los demás procedimientos en la forma que trámite por trámite va señalando la ley.

Esa conclusión está sostenida por lo dispuesto en estatutos similares y por lo resuelto por la jurisprudencia en general.

Consultado el Código Penal de California, se encuentra que su sección 803 dispone: "An indictment is found within the meaning of this chapter when it is presented by the grand jury in open court, and there received and filed." Las secciones 800 y 801, refiriéndose a delitos graves la primera y menos graves la segunda emplean las palabras: "an indictment *must be found* or an information filed." Y en su sección 809 prescribe: "When a defendant has been examined and committed, as provided in section eight hundred and seventy-two of this code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court of the county in which the offense is triable an information charging the defendant with such offense."

Se ve, pues, que sólo se exige la presentación en corte abierta de los "indictments" o acusaciones del Gran Jurado, no de las "informations", o acusaciones del fiscal. A igual conclusión se llega examinando los códigos de Idaho y Montana.

Sin embargo, no es sólo el artículo 69 el que está envuelto. Lo está también el 3 del propio código, que requiere un estudio separado.

Dicho artículo, en lo pertinente, en español, es como sigue: "Todo delito respecto del cual tuviere jurisdicción original

la corte de distrito, deberá perseguirse en virtud de acusación presentada por el fiscal en sala de justicia y confirmada con su declaración jurada . . .'' Y en inglés así: ''Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit . . .''

Ese es el texto tal como quedó enmendado en 1904 (véase Leyes de 1905, p. 15). Cuando se aprobó el Código en 1902, el texto en español, en la parte transcrita, era el mismo con excepción de una coma que había después de la palabra justicia. También era igual el texto inglés con excepción de que las palabras ''in open court'' que actualmente tienen una coma antes y otra después lo estaban sin esas comas.

Por sus propios términos el precepto ordena que la acusación se presente en corte abierta. El fiscal sostiene que al colocarse en inglés las palabras ''in open court'' entre dos comas se quiso expresar que los delitos deben perseguirse en corte abierta y no que las acusaciones deben presentarse en corte abierta.

Los Códigos Penales de California, Idaho y Montana no nos ayudan en la solución del problema. La sección 682 del de California, comienza: ''Every public offense must be prosecuted by indictment or information, except . . .'' Son iguales a la sección 11607 de ''The Revised Codes of Montana'' y a la 5130 de los ''Idaho Codes.''

La interpretación que da el fiscal a la ley no es admisible. Monta a tanto como a separar las palabras ''in open court'' del sitio en que se encuentran para colocarlas después de ''prosecuted'' y antes de ''by''.

Nos damos cuenta de la trascendencia de esta resolución, ya que la práctica constante en las cortes de distrito de Puerto Rico desde su creación ha sido la de radicar las acusaciones en la secretaría, pero suscitada la cuestión debidamente es necesario resolverla de acuerdo con la ley, y ya hemos visto que la ley en vigor en esta isla exige que las acusaciones todas lo mismo las que formule el fiscal por sí

solo como las que procedan del Gran Jurado se presenten en corte abierta.

Ahora bien ¿qué efecto tiene sobre los procedimientos ulteriores el dejar de cumplir estrictamente el estatuto?

Cuando se lee la acusación al acusado, acto que se realiza en corte abierta, en corte abierta tiene necesariamente que estar la acusación. Fué archivada con el Secretario, pero no permaneció en su oficina. Llegó a sesión pública. Si en el momento de leérsele la acusación, el acusado levanta la cuestión, su derecho debe serle reconocido inmediatamente. ¿Cómo? Dándose por presentada por el fiscal allí y entonces, en corte abierta, la acusación, y señalándose día para su lectura, en el que podrá concederse al acusado el tiempo necesario para que la conteste formulando las alegaciones que a su derecho estime pertinentes.

Si nada alega el acusado, debe entenderse que los procedimientos continúan sin obstáculo alguno de acuerdo con la ley, ya que no se trata de la violación de un derecho substancial.

¿Qué ocurrió en el caso concreto sometido a nuestra consideración y resolución?

Los autos son claros. Se faltó por el Fiscal al dejar de presentar la acusación en corte abierta, pero leída dicha acusación en corte abierta al acusado, éste se limitó a alegar su inocencia y a solicitar que lo juzgara un jurado. Fué mucho después que levantó la cuestión que implícitamente había renunciado. Bajo esas circunstancias no existió motivo justificado para sobreseer el proceso.

---

Al llamarse el recurso para su vista, el apelado solicitó su desestimación, (a) porque no procede la concesión de un nuevo juicio, (b) porque el delito habría prescrito, (c) porque expondría al acusado a un nuevo proceso por el mismo delito y (d) porque no se notificó al abogado compareciente del escrito de apelación.

La moción no está bien fundada. Lo que pide el fiscal

es que se revoque la sentencia recurrida y se devuelva el caso para ulteriores procedimientos, que es lo que hará este tribunal. Cualquier defensa que pueda tener el acusado podrá presentarla ante la corte de distrito que es la llamada a decidir sobre los ulteriores procedimientos que pueden seguirse, con la única limitación de que no sean inconsistentes con esta opinión y que lo sean de acuerdo con la ley. En cuanto a la notificación, aparece de los autos que se dió cumplimiento al estatuto.

Por virtud de todo lo expuesto, *debe declararse con lugar el recurso, revocarse la sentencia apelada, y la causa devolverse a la corte de distrito de su origen para ulteriores procedimientos de conformidad con la ley.*

### EN MOCIÓN DE RECONSIDERACIÓN
#### Marzo 15, 1933

Se ha solicitado la reconsideración de la sentencia dictada en este caso el 23 de febrero último. La moción se archivó demasiado tarde, cuando ya el mandato se había remitido al tribunal sentenciador. La hemos, eso no obstante, examinado, y sus argumentos no nos convencen de que la actitud asumida por la corte al considerar renunciado el error no sea la justa y procedente. En la moción se levanta otra cuestión que parece oportuno considerar. Dijo en ella el apelado:

"Porque asimismo el presente caso del policía Severo Rodríguez fué radicado en la Secretaría de esta Corte con fecha 12 de julio de 1932 y resuelto en 23 de febrero de 1933, violándose con ello el artículo 360 del Código de Enjuiciamiento Criminal de Puerto Rico, enactado especialmente para esta Corte Suprema y cuyos términos son mandatorios e imperativos y que por su fraseología envuelve un derecho substancial para el acusado que puede protestar de su violación en cualquier momento y por lo que esta Corte Suprema está obligada, sin entrar en el fondo de este caso, a ordenar el archivo y sobreseimiento del mismo, y el cual precepto legal dice textualmente así:

"'Artículo 360.—Todas las apelaciones en causas criminales deben ser sustanciadas y resueltas por la Corte Suprema dentro de los

ciento veinte días de elevados los autos a dicho tribunal, *a menos que continúe la tramitación a petición o con el consentimiento del acusado.'* "

El propio acusado se encargó de subrayar la parte del precepto que le impide invocarlo en su favor en este estado del procedimiento.

*La vista del recurso* se celebró el 11 de enero último *cuando ya había transcurrido el término que fija el artículo 360 del Código de Enjuiciamiento Criminal y el acusado, que no sólo se limitó a oponerse al recurso si que solicitó la* desestimación del mismo por moción presentada el propio día de la vista, no levantó la cuestión que ahora suscita, consintiendo implícitamente que la apelación continuara tramitándose.

Además el precepto no es mandatorio sino directivo y las circunstancias que en el caso concurren no nos hubieran llevado a ejercitar nuestra discreción desestimando el recurso aunque la cuestión se hubiera suscitado el día de la vista.

Interprentando la sección 1252 del Código Penal de California que es esencialmente igual al artículo 360 del nuestro, la Corte Suprema de dicho estado en el caso de *People* v. *Staples,* 91 Cal. 23, 29, se expresó así:

"No aparece error alguno de los autos, y la sentencia y orden apeladas deben confirmarse a menos que una moción que ha presentado ahora el acusado en el sentido de que revoquemos la sentencia y lo absolvamos, deba ser declarada con lugar por el fundamento de que su apelación no ha sido resuelta dentro de los sesenta días de haberse radicado aquí la transcripción, según lo exige el artículo 1252 del Código Penal. Pero es que ninguna consecuencia de esa naturaleza surge a causa de que se deje de cumplir ese precepto, extremo en el cual difiere del artículo 1382, que es imperativo en su requisito de que un proceso criminal debe ser sobreseído, salvo que se demuestre justa causa en contrario, cuando no se celebre el juicio en la corte de distrito dentro de sesenta días después de haberse radicado una acusación o denuncia. Es de observarse además que el último artículo fija los medios—los únicos medios—de hacer valer el derecho constitucional del acusado a un juicio rápido y público. (Const., art. 1,

sec. 13; People v. Morino, 85 Cal. 515.) Sin embargo, no basamos nuestra negativa de esta moción en distinción alguna entre un derecho constitucional y uno estatutario—entre el derecho a un juicio rápido y a una rápida determinación de una apelación—sino sólo por el fundamento de que una disposición es meramente directiva y la otra imperativa en su fondo y en sus términos."

*La moción de reconsideración debe declararse sin lugar.*