EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SERGIO S. PEÑA, acusado y apelante.

No. 4624.—*Sometido:* Febrero 16, 1932. *Resuelto:* Febrero 23, 1933.

*F. Cervóny Gely, R. Rivera Almodóvar, M. Benítez Flores* y *F. Gallardo Díaz*, abogados del apelante; *R. A. Gómez, Fiscal*, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Dr. Sergio S. Peña interpuso esta apelación contra la sentencia que lo condena por portar un revólver.

Al ser detenido el apelante por la policía por orden verbal del juez de la Corte de Distrito de Humacao y por motivo distinto al que origina esta apelación, al salir de noche de la casa de una enferma, se le encontró un revólver en el maletín que portaba con sus instrumentos de cirugía. Al día siguiente el fiscal radicó en la secretaría de la Corte de Distrito de Humacao su acusación contra el apelante por el delito de portar un arma prohibida y al leérsele esa acusación cuatro días después al Dr. Peña, éste solicitó de la corte que le concediera cinco días para hacer sus alegaciones contra la acusación pero sólo se le concedió hasta la tarde del mismo día. Al comparacer entonces el acusado ante la corte alegó por escrito que ésta carecía de jurisdicción en el caso por no haber sido presentada acusación alguna por el fiscal ante la corte por lo que no existe presentación del cargo (*presentment*) y solicitó el sobreseimiento y archivo de la causa. Según las minutas de la corte de ese día la moción de sobreseimiento y archivo fué negada y entonces el acusado se declaró no culpable y fué señalado el juicio para cuatro días después, aunque posteriormente fué pospuesto para otra fecha. El juez de la corte se inhibió de conocer del juicio

y fué nombrado otro para el mismo. El acusado reprodujo ante él su moción de sobreseimiento por el motivo que antes hemos expresado y fué negada esa solicitud, tomando excepción el acusado. De los autos aparece que el fiscal radicó la acusación en la secretaría de la corte y que no la presentó a ella en sesión pública antes de leerse la acusación al apelante. La negativa a ese sobreseimiento por el motivo expresado es uno de los fundamentos de la apelación que resolvemos.

En el caso de *El Pueblo* v. *Severo Rodríguez* que hemos decidido en el día de hoy, 44 D.P.R. 578, no fué suscitada esa cuestión por aquel acusado al serle leída la acusación sino posteriormente. Después de un detenido estudio de esa cuestión ·dijimos en ese caso que la ley en vigor en esta isla exige que las acusaciones todas, lo mismo la que formula el fiscal por sí solo como las que procedan del Gran Jurado, se presenten en corte abierta; y agregamos lo siguiente: "Ahora bien, ¿qué efecto tiene sobre los procedimientos ulteriores el dejar de cumplir estrictamente el estatuto? Cuando se lee la acusación al acusado, acto que se realiza en corte abierta, en corte abierta tiene necesariamente que estar la acusación. Fué archivada con el secretario, pero no permaneció en su oficina. Llegó a sesión pública. Si en el momento de leérsele la acusación, el acusado levanta la cuestión, su derecho debe serle reconocido inmediatamente. ¿Cómo? Dándose por presentada por el fiscal allí y entonces, en corte abierta, la acusación y señalándose día para su lectura, en el que podrá concederse al acusado el tiempo necesario para que la conteste formulando las alegaciones que a su derecho estime pertinentes. Si nada alega el acusado, debe entenderse que los procedimientos continúan sin obstáculo alguno de acuerdo con la ley, ya que no se trata de la violación de un derecho substancial."

Aplicando esa doctrina al caso presente toda vez que el apelante alegó en la primera oportunidad que tuvo para hacer objeciones contra la acusación que ésta no había sido presen-

tada a la corte en sesión pública, *se revoca la sentencia apelada y se devuelve el caso a la corte inferior para ulteriores procedimientos.*

El Juez Asociado Señor Córdova Dávila no intervino.