PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO BUSCAGLIA and CRUZ FAJARDO, Defendants and Appellants.

No. 8747. Decided June 19, 1941.

*Felipe Colón Díaz,* for appellants. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for the appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

In this case the Court, on June 2, 1941, rendered an order which copied *verbatim* states as follows:

"This case having been called for hearing, The People of Puerto Rico appeared represented by the Prosecuting Attorney, and as it appears that the appellant did not file a brief and that notwithstanding the notice given him of the setting of the case he has not appeared at the hearing, the appeal should be dismissed, and it is dismissed for lack of prosecution. This order will be notified."

A day after the order was rendered, a copy thereof was notified to the attorney for the appellants and on the 16th of June said attorney filed a motion for rehearing, in which he alleges that the appellants have the right to have their case decided on its merits, according to what is provided in Sections 358, 359 and 360 of the Code of Criminal Procedure, and Rule 3 of this Court, and ends praying that said order be reconsidered and that the case be heard on its merits.

■ Sections 359 and 360 of the Code of Criminal Procedure, invoked by the defendants appellants, are not applicable to the question in issue, since the former refers to the authority of this Court to dismiss the appeal if Section 356 of the same Code, which deals with the manner of bringing the evidence to this Court by means of the statement of the case or the transcript of the evidence, is not complied with; and Section 360 determines the period within which appeals in criminal cases should be perfected and decided. This Court has decided that said term is not mandatory but merely directive. *People* v. *Rodríguez*, 44 P.R.R. 557.

■ In consequence, we will ignore those two Sections, and give all our attention to Section 358 of said Code and Rule No. 3 of this Court.

The Spanish version of Section 358, *supra*, is defective, and since said legal provision has its origin in the Continent, we will refer to the English edition, which says:

"If the appeal is irregular in any substantial particular, but not otherwise, the Supreme Court may, on any day, on motion of the respondent, upon five days notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed."

■ Section 3 of the Rules of this Court says:

" . . . If the appellant should fail to file a brief, the case shall nevertheless be set for hearing, but the lack of such brief shall not prevent the *fiscal* from filing his, or the court from taking cognizance of such fundamental errors as may appear in the record, although they may not have been objected to, and rendering judgment thereon in accordance with the law. A copy of each brief shall be delivered to the adverse party according to rule 44."

Section 358 aforementioned is an exact copy of Section 1248 of the Penal Code of California, from where it was taken, and construing it, the Supreme Court of that State said in the case of *People* v. *McNulty*, 30 Pac. 963, 964:

"By this provision the supreme court is forbidden to dismiss an appeal in a criminal case unless the appeal itself is irregular in some

substantial particular, and this is to be determined by reference to the order or judgment appealed from *and the steps taken to perfect the appeal.*" (Italics supplied.)

Have the appellants taken the necessary steps to perfect the appeal? In our opinion, they have not, because filing a brief is an indispensable requisite which should have been complied with by the appellant in order to perfect his appeal. The rule which is followed in this jurisdiction, as in many parts of the Continent, and which has been recommended in the treatise by Harris, "Appellate Courts and Appellate Procedure in Ohio" (1933), page 161, urges that the assignment of errors be stated in the brief for the appellant. Therefore, when a brief is not filed, as happened in the present case, there is no assignment of errors and there being none, there is no question before the appellate court for decision. See the treatise of Professor Orfield, "Criminal Appeals in America", page 157.

The Supreme Court of California has also decided, in the case of *People* v. *Goldbury,* 10 Cal. 313, that when there is no assignment of errors, the judgment must be affirmed.

In *People* v. *Ferry,* 24 Pac. 33, the same court has said that the assignment of errors constitutes a part of the bill of exceptions, and in the cases that are cited forthwith, has decided that an appellate court is not bound to examine a record in search of errors when none has been assigned: *People* v. *Dunn,* 36 P. (2) 1096; *People* v. *Savage,* 59 P. (2) 190; *People* v. *Schultz,* 64 P. (2) 440; *People* v. *Schenk,* 65 P. (2) 895; *People* v. *Gidney,* 73 P. (2) 1186.

Thus, we have no doubt that the fact that appellants have not filed a brief constitutes a substantial irregularity which allows us to dismiss the appeal according to the aforesaid Section 358.

Rule 3 of this Court, so far as it authorizes the Court to take cognizance of the fundamental errors which appear from the record, even though a brief has not been filed, is purely directive and not mandatory, for the same Section

provides that in such a case the court *may* take cognizance of the fundamental errors that appear in the record, and in any case, said Rule should be construed in harmony with and subject to the provisions of Section 358 of the Code of Criminal Procedure which we have just construed.

For the reasons stated, the motion for reconsideration filed by the appellants on the 16th of June, 1941, must be denied.

Mr. Justice Todd, Jr., took no part in the decision of this case.