EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO BUSCAGLIA y CRUZ FAJARDO, acusados y apelantes.

Núm. 8747.   Resuelto: Junio 19, 1941.

*Felipe Colón Díaz,* abogado de los apelantes; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En este caso el tribunal, con fecha 2 del mes en curso, dictó una resolución que literalmente dice así:

"Llamado este caso para vista, compareció El Pueblo de Puerto Rico por su Fiscal, y apareciendo que el apelante no ha presentado alegato y no obstante habérsele notificado el señalamiento no ha comparecido al acto de la vista, debe desestimarse como se desestima por abandono el recurso. Comuníquese."

Un día después de dictada, dicha resolución fué notificada al abogado de los apelantes remitiéndosele copia de la misma, y el 16 del actual dicho abogado radicó una moción de reconsideración en que alega que los apelantes tienen derecho, de acuerdo con lo prescrito en los artículos 358, 359 y 360 del Código de Enjuiciamiento Criminal y 3 del Reglamento de este tribunal, a que su caso sea resuelto por sus méritos, y termina solicitando que reconsideremos nuestra citada resolución y veamos el caso en su fondo.

Los artículo 359 y 360 del Código de Enjuiciamiento Criminal invocados por los acusados apelantes no son aplicables a la cuestión en controversia, ya que el primero se refiere a la facultad de este tribunal para desestimar el recurso si no se cumple con el artículo 356 del propio código, que trata de la elevación de la prueba mediante exposición del caso o transcripción de evidencia, y el 360 se contrae a determinar el plazo dentro del cual deberán sustanciarse y resolverse las apelaciones en causas criminales, habiéndose re-

suelto por este tribunal que dicho término no es mandatorio sino meramente directivo. *Pueblo* v. *Rodríguez,* 44 D.P.R. 578.

██ Por consiguiente, prescindiremos de dichos dos artículos, dirigiendo toda nuestra atención al 358 del citado código y al 3 del Reglamento de este tribunal.

La versión española del artículo 358, supra, es defectuosa, y siendo como es dicho precepto legal de origen americano, nos referiremos a la edición inglesa, que dice así:

"If the appeal is irregular in any substantial particular, but not otherwise, the Supreme Court may, on any day, on motion of the respondent, upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed."

██ ██ El artículo 3 del Reglamento en lo pertinente dice:

". . . Si el apelante dejare de presentar su alegato, el caso siempre se señalará para vista, pero la falta de dicho alegato no será obstáculo papra que el Fiscal presente el suyo y el tribunal *pueda* conocer de los errores fundamentales que aparezcan de los autos, aun cuando no se hubiere interpuesto objeción a ellos, y fallar sobre los mismos con arreglo a derecho."

El artículo 358 antes citado es una copia literal del 1248 del Código Penal de California, de donde fué tomado, e interpretándolo, la Corte Suprema de dicho Estado dijo en el caso de *People* v. *McNulty,* 30 P. 963, 964:

"Este precepto legal prohibe a la Corte Suprema. desestimar (*dismiss*) un recurso de apelación en un caso criminal a menos que la apelación misma sea irregular en algún detalle sustancial, y esto se determina teniendo en cuenta la orden o sentencia apelada, así como *los pasos dados para perfeccionar el recurso.*" (Bastardillas nuestras.)

¿Han dado los apelantes en este caso los pasos necesarios para perfeccionar el recurso? No, a nuestro juicio, pues radicar el alegato en apelación es requisito indispensable que debe cumplir el apelante para perfeccionar su recurso. La regla que se sigue en esta jurisdicción, como en muchas del Continente, y que ha sido recomendada en la obra de Harris

"Appellate Courts and Appellate Procedure in Ohio" (1933), 161, exige que el señalamiento de errores se exponga en el alegato del apelante. Así pues, no habiéndose presentado alegato, como no se presentó en este caso, no existe señalamiento de errores, y no existiendo señalamiento de errores, el tribunal de apelación ninguna cuestión está obligado a revisar. Véase la obra del Profesor Orfield, "Criminal Appeals in America", 157.

La misma Corte Suprema de California ha resuelto, en el caso de *People* v. *Goldbury,* 10 Cal. 313, que cuando no existe señalamiento de errores, procede la confirmación de la sentencia.

En *People* v. *Ferry,* 24 P. 33, el mismo tribunal ha dicho que el señalamiento de errores constituye parte del pliego de excepciones, y en los casos que a continuación se citan, ha resuelto que una corte de apelaciones no viene obligada a escudriñar el récord en busca de errores cuando ninguno ha sido señalado: *People* v. *Dunn,* 36 P. (2) 1096; *People* v. *Savage,* 59 P. (2) 190; *People* v. *Schultz,* 64 P. (2) 440; *People* v. *Schenk,* 65 P. (2) 895; *People* v. *Gidney,* 73 P. (2) 1186.

Así pues, no abrigamos duda de que la falta del alegato del apelante constituye una irregularidad substancial que nos permite desestimar el recurso de acuerdo con el citado artículo 358.

El artículo 3 del Reglamento, en tanto en cuanto autoriza al tribunal a conocer de los errores fundamentales que aparezcan de los autos, aunque no se haya presentado alegato, es puramente directivo y no mandatorio, pues el mismo prescribe que en tal caso el tribunal *puede* conocer de los errores fundamentales que aparezcan de los autos, y de cualquier modo, dicho artículo del Reglamento debe interpretarse en harmonía con y supeditado al artículo 358 del Código de Enjuiciamiento Criminal que acabamos de interpretar.

Por lo expuesto, *procede declarar sin lugar la moción de reconsideración radicada por los apelantes en 16 del actual.*

El Juez Asociado Sr. Todd, Jr., no intervino.