EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE ARECIBO, HON. JUAN LORENZO RODRÍGUEZ, JUEZ, demandado; ISMAEL GONZÁLEZ CRUZ, interventor.

*Número:* O-67-244 *Resuelto:* 13 de diciembre de 1967

*J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *Julio García Antique, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 8 de junio de 1967 el Fiscal de Distrito de Arecibo presentó una acusación contra el interventor Ismael González Cruz imputándole una infracción a la Ley Núm. 87 de 22 de junio de 1962, 29 L.P.R.A. sec. 526 *et seq.,* ([1]) delito menos grave de cuyo conocimiento se confirió competencia original al Tribunal Superior. Afirmó dicho funcionario que la acusación estaba basada "en causa probable determinada por un magistrado conforme al testimonio de testigos examinados bajo juramento ante dicho magistrado y ante mí, creyendo solemnemente que existe justa causa para presentarla al tribunal."

En 19 de junio el tribunal *sua sponte* decretó el archivo del caso fundándose en que el ministerio público no había acompañado la denuncia original que motivó la expedición de la orden de arresto, la determinación de causa probable y copia de la orden de arresto. Adujo que ello era necesario e indispensable para acreditar que se había cumplido con las disposiciones de las Reglas de Procedimiento Criminal, aunque no las mencionó específicamente, y que era insuficiente la mera manifestación del fiscal que hemos transcrito. Expresó además que el incumplimiento de unir los referidos

---

([1]) Reglamenta la contratación de trabajadores para el exterior.

documentos privaba al acusado de información cabal sobre los procedimientos que habían tenido lugar en su caso y de examinarlos, así como que le requería mayores esfuerzos de los necesarios para verificar el examen de los mismos "si éstos estuviesen en poder del Fiscal."

En la misma fecha el fiscal solicitó la reconsideración de la resolución. En la moción presentada alegó que los hechos habían sido sometidos para la determinación de causa probable al Hon. Miguel Meléndez Acosta, Juez del Tribunal de Distrito, Sala de San Juan; que se habían hecho gestiones para localizar la denuncia en la cual aparecía la determinación de causa probable, y que la acusación se había presentado cuando sólo faltaban dos días para transcurrir el término de 60 días. El juez a quo declaró sin lugar la reconsideración. Decidimos revisar.

■ Conforme apunta el Procurador General la Regla 64 de las de Procedimiento Criminal de 1963 enumera taxativamente los fundamentos por los cuales se puede desestimar una acusación o una denuncia. El lenguaje de la aludida disposición legal no deja lugar a dudas. "La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, *sólo podrá* basarse en uno o más de los siguientes fundamentos: . . . ." Entre los fundamentos señalados no se encuentra la omisión de acompañar la denuncia original, ni la determinación de causa probable por un magistrado ni la orden de arresto expedida por éste. Así lo admite expresamente el interventor en su alegato.

■ A poco que se examine la acusación presentada se observará que cumple con los requisitos establecidos en la Regla 34, o sea que la misma se firme y se jure por el fiscal.([2]) Véase la Regla 35(e). Aunque se dispone que el

---

([2]) También se requiere que se presente en sesión pública. *Pueblo* v. *Malbert*, 75 D.P.R. 693 (1953); *Pueblo* v. *Rodríguez*, 44 D.P.R. 578 (1933).

juramento será suficiente si expresare que la acusación se basa en causa probable determinada de acuerdo con la Regla 23, tal requisito no es de aplicación en el presente caso por tratarse de un delito menos grave de la competencia original del Tribunal Superior.

 La Regla 22(c) requiere del magistrado que determina causa probable que remita la denuncia y la orden de arresto o citación a la sección y sala correspondiente del Tribunal de Primera Instancia "para que se dé cumplimiento a los trámites posteriores que ordenan estas reglas": en el Tribunal de Distrito, se procederá a la celebración del juicio, y "la denuncia remitida por el magistrado servirá de base al mismo", Regla 24(a); ([3]) en el Tribunal Superior, el secretario deberá referir el expediente al fiscal de la sala, quien presentará la acusación que procediere, Regla 24(b). Ahora bien, si el fiscal considerare (a) que existe causa justificada para no presentar la acusación, archivará el expediente en la secretaría con su endoso en tal sentido, y, el secretario, previa aprobación del tribunal, lo guardará registrando la causa en el "Registro de Causas Archivadas"; (b) que el delito imputado debe verse ante alguna sala del Tribunal de Distrito, lo remitirá a dicha sala dentro de 10 días de habérsele sometido para la continuación allí del procedimiento. No existe disposición alguna que exija que el fiscal una a la acusación el expediente del caso a que se refiere la Regla 22(c).

Tal vez la norma enunciada por el juez recurrido sea deseable en aras de una mayor pureza en el procedimiento pero en ausencia de una disposición específica que así lo

---

([3]) Para instrumentar esta disposición, la Regla 35(a) que trata sobre el contenido de la denuncia, dice que "(s)i se tratare de una denuncia, el juez deberá ordenar la enmienda correspondiente en el título de la misma designando su sala en sustitución del magistrado ante quien se presentó la denuncia." Véase también la Regla 5.

requiera no creemos que deba imponerse la sanción extrema de una desestimación y archivo del caso. ([4])

*Se dejará sin efecto la resolución dictada por el Tribunal Superior, Sala de Arecibo, en 19 de junio de 1967, y se devolverá el caso para la continuación del procedimiento.*

---

([4]) El Comité de Procedimiento Criminal de la Conferencia Judicial sugirió en 27 de enero de 1964 una enmienda a la Regla 24(b) para que la remisión del expediente se hiciere directamente al fiscal de distrito.