EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIO JOSÉ FLORES ROSA, acusado y apelante.

*Número:* CR-76-181          *Resuelto:* 16 de diciembre de 1976

---

*Enrique Bird Piñero,* abogado del apelante; *Roberto Armstrong, Jr., Procurador General Interino, y Federico Cedó Alzamora, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El apelante Emilio J. Flores Rosa nos solicita vista oral como parte del trámite.

I

La norma que rige peticiones como la que nos ocupa está consagrada en la Regla 3(c) de nuestro Reglamento que nos autoriza la concesión de tales vistas discrecionalmente cuando la misma es presentada dentro del término de cinco (5) días de radicado el alegato del Estado. Esta concepción está fundada en los propósitos que animaron las Reglas de Procedimiento Criminal de 1963 de modernizar y agilizar

todo el trámite procesal penal, incluyendo los apelativos, atemperándolo a las realidades y exigencias de una efectiva administración de justicia.

■ No existe un derecho absoluto ni irrestricto a tales vistas ya que la única disposición que así lo reconocía—Art. 361(a) del Código de Enjuiciamiento Criminal de 1935 (Ley de 12 de marzo de 1903, pág. 43, sec. 2)—quedó derogado con el advenimiento de las Reglas de 1963. Dichas reglas son el producto inicial del Comité de Procedimiento Criminal de la Conferencia Judicial de Puerto Rico, en cuyo informe, rendido a este Tribunal el 10 de octubre de 1958, se expresó del siguiente modo:

*"Con excepción de los artículos que enumero* a continuación, la Comisión recomienda la derogación del vigente Código de Enjuiciamiento Criminal en su totalidad. Los artículos que *no deben ser derogados* son los siguientes: 6, 7, 11, 18, 56, 57, 58, 60, 61, 204–206, 271–273, 326, 411, 469–500 y 521. Estos artículos contienen disposiciones de naturaleza sustantiva y los artículos 469 al 500 tratan del procedimiento de Hábeas Corpus. La derogación de todos los demás artículos respondería a alguna de las siguientes razones, a saber: Que las disposiciones de dichos artículos han sido cubiertas adecuadamente por las reglas propuestas; o que dichos artículos contienen disposiciones innecesarias o indeseables; o que se trata de artículos que contienen formularios. Entre los artículos que resultarían derogados expresamente de seguirse las sugestiones de la Comisión, hay, además, algunos que según el criterio de la Comisión, han sido ya derogados implícitamente por legislación posterior." Págs. 1 y 2.

Y a la pág. 8 bajo el acápite 15 se informa:

"Las Reglas referentes a la apelación de la Corte Superior al Tribunal Supremo modernizan grandemente el procedimiento vigente. El efecto indudable de dichas Reglas es simplificar y facilitar, a la vez que hacer más efectivo el procedimiento apelativo. Dichas Reglas guardan una gran analogía a las vigentes con relación al procedimiento civil, pudiendo afirmarse que las diferencias entre unas y otras son de importancia secundaria." Pág. 8.

De la cita antes transcrita se deduce un historial claro y convincente de: (1) el propósito de las Reglas propuestas era la derogación total del Código de Enjuiciamiento Criminal; y (2) entre los artículos que expresamente se estimó no deberían ser derogados no figuraba el 361(a).

En la primera Sesión Plenaria de la Conferencia Judicial aludida, nuevamente se reitera lo expuesto al expresar el Presidente de dicho Comité al Tribunal Supremo y a todos los participantes, lo siguiente:

"El propósito es que se derogue totalmente el Código de Enjuiciamiento Criminal vigente, que se derogue totalmente el Código de Enjuiciamiento Criminal vigente. Hay un número de disposiciones en el Código, sin embargo, que son disposiciones de naturaleza sustantiva. Esas disposiciones en la cláusula derogatoria que se prepare, deberán ser, naturalmente, salvadas de la derogación. Pero fuera de esa excepción, deberá ser derogado totalmente el Código de Enjuiciamiento Criminal. Por lo menos esa es la aspiración de este Comité al preparar el proyecto.

Justificación para esa derogación: depende de cuál sea o cuáles sean los artículos. En primer lugar, hay disposiciones que hay que derogarlas porque están adecuadamente cubiertas por el proyecto de Reglas preparado. Sus disposiciones, en una u otra forma, igual que están o de manera modificada, sin incorporarlas en el proyecto; luego, eso justifica su derogación. Segundo, hay un número de artículos que esta Comisión entendió que eran innecesarios o indeseables. Siendo innecesarios o indeseables, se recomienda su derogación. Tercero, hay un número de artículos en el Código vigente que solamente contienen formularios y, por consiguiente, si ha de estar vigente este nuevo proyecto, se hace necesario derogar también los artículos que contienen formularios." Memoria de la Conferencia Judicial de Puerto Rico celebrada los días 11, 12 y 13 de diciembre de 1958. Págs. 141–142.

Al adoptar este Tribunal las Reglas—con ciertas enmiendas no relacionadas con la cuestión ante nos—y ser refrendadas por la Legislatura se plasmó dicho criterio en virtud de la Regla 255, que en la actualidad reza así:

"El Código de Enjuiciamiento Criminal de Puerto Rico, aprobado el primero de marzo de 1902, según ha sido enmendado hasta el presente, y cualesquiera otras leyes, en todo cuanto se relacione o refiere a procedimiento criminal *que sea incompatible o contrario a estas reglas,* quedan por éstas derogados." (Énfasis suplido.)

A la luz de estos antecedentes, es inescapable la conclusión de que el Art. 361 (a) del antiguo Código de Enjuiciamiento Criminal no está vigente desde el 1963. Como norma dispuesta hace más de medio siglo exigiendo *vista* en todos los casos criminales apelados al Tribunal Supremo de Puerto Rico, [1] es *incompatible* con el procedimiento ágil y eficiente instaurado por las Reglas de 1963. Sabido es que el argumento oral tiene una relativa utilidad salvo en algunos casos en que una vez recibidos los alegatos de las partes, persiste un área de penumbra digna de ser analizada y expresada mediante argumento oral de los litigantes. Las Reglas de 1963 abolieron la vista oral automática, a la cual se podía ir a argumentar proposiciones inmeritorias, sin fundamento alguno en derecho; y a repetir, y hasta leer, lo ya consignado en el alegato escrito; o hacer acto de presencia ante el Tribunal Supremo para simplemente renunciar a la vista y someter la causa por los alegatos.

Igual corriente renovadora se perfila en la jurisdicción federal. Varias decisiones han resuelto que el debido proceso de ley no requiere ni significa vistas y argumentos orales en todo caso en la etapa apelativa: *Magnesium Casting Co.* v. *Hoban,* 401 F.2d 516, 518 (1963); *Groendyke Transport Inc.* v. *Davis,* 406 F.2d 1158 (1969). Por su valor persuasivo, merecen nuestra aprobación los siguientes pronunciamientos:

---

[1] Conforme nuestra jurisprudencia, en el pasado habíamos resuelto que los Arts. 358 y 360 del Código de Enjuiciamiento Criminal derogados fijaban términos directivos, esto es, discrecionales y no mandatorios. *Pueblo* v. *Buscaglia,* 58 D.P.R. 921 (1941). Por analogía, igual conclusión se impone respecto al Art. 361 (a).

"En momentos en que los tribunales por doquiera son acosados para que agoten totalmente con imaginación e inventiva judicial los recursos, sería sorprendente leer . . . la regla como una nueva limitación a la facultad de los tribunales para copar por sí mismos las exigencias y problemas procesales y sustantivos que demandan una mayor productividad administrativa judicial. . . .

Al igual que los estatutos y las reglas el concepto constitucional del debido proceso, no prohibe la disposición especial y sumaria sin los trámites correspondientes a una sumisión tradicional. A las partes normalmente se les asegura una 'vista', pero el término no exige que la comunicación sea oral y audible. Frecuentemente, por práctica prevaleciente o en virtud de reglas, muchas controversias de importancia, procesales y sustantivas, son resueltas total y cabalmente por tribunales de mayor jerarquía a base de alegatos escritos sin ningún tipo de argumento oral. El requisito de esa parte del debido proceso, descrito como 'vista' es satisfecho al proveérsele a los litigantes la oportunidad de producir afirmativamente sus argumentos y autoridades con igual oportunidad al adversario de responder y replicar. Esto puede ser realizado mediante alegatos sin argumentos orales. El argumento oral, como tal, raras veces resulta esencial al concepto de lo justo y no es de tal índole que lo mueva hacia la órbita constitucional. Verdaderamente, la práctica de los tribunales de disponer los casos, en una variedad de situaciones, en consideración a documentos, refleja la experiencia de jueces maduros de que el argumento oral, en muchos casos no añade nada al proceso de ilustración. En estos tiempos de calendarios en explosión debe realizarse todo esfuerzo que permita a los tribunales entender y resolver más casos rápidamente." *Groendyke,* supra, págs 1161–1162. (Traducción nuestra.)

## II

Aun prescindiéndose del análisis previo sobre derogación del Art. 361 y del fundamento de que el mismo es directivo, bajo la premisa de que estuviera vigente, es obvio que el mismo había quedado afectado desde el año 1946 mediante la reglamentación válida promulgada por el Tribunal Supremo de Puerto Rico.

■ La Regla 11(e) del Reglamento para regir desde el primero de mayo de 1946 (Apéndice 65 D.P.R., pág. 15)— antes de la Constitución de 1952—y la Regla 11 (e) del Reglamento aprobado el 29 de junio de 1961—después de la Constitución—consignaban claramente que si una solicitud de vista oral no hubiese sido presentada dentro del término de cinco días de radicado el alegato del Estado, se consideraría que el caso había quedado desde ese momento sometido por los alegatos radicados. Estas reglas eran conocidas por la Asamblea Constituyente al concederle al Tribunal Supremo, mediante el Art. V, Sec. 4 de la Constitución, la facultad exclusiva de funcionar ". . . bajo reglas de su propia adopción. . . ." Igual concepto subsiste en la Regla 3(c) del Reglamento vigente desde el primero de septiembre de 1975, con la modificación de que la concesión de vistas constituye un ejercicio discrecional.

### III

La solicitud de vista oral que nos ocupa fue presentada tardíamente, aduciéndose que si bien el Estado notificó al apelante su alegato por correo, no había sido recibido a tiempo. Y fundamenta su procedencia en la necesidad de esclarecer y rectificar la "tónica y el tono altamente impropios" del Informe del Procurador General y otros extremos. En la alternativa nos pide le permitamos sustanciar su posición en escrito ulterior.

■ *Bajo la facultad discrecional de nuestro Reglamento, y en las circunstancias específicas del caso, estimamos que no es procedente una vista oral; el apelante, de estimarlo conveniente y dentro del término de diez (10) días podrá presentar una réplica al Informe del Procurador General.*

Se dictará la correspondiente Sentencia.